<div style="float:right">Nov. Term, 1854.

THE MAYOR, &c., OF JEF-FERSONVILLE v. WEEMS.</div>

---

THE MAYOR OF THE CITY OF JEFFERSONVILLE *v.* WEEMS and Others.

When the words of a statute are susceptible of two different senses, the Court will adopt that sense which will not lead to an absurdity.

The intent of a statute, as collected from an examination of the whole and all its parts, will prevail over the literal import of particular terms and control its strict letter, where the letter would lead to possible injustice and contradictions.

Nov. Term, 1854.

THE MAYOR, &c., OF JEF-FERSONVILLE.

v.

WEEMS.

Tuesday, December 12.

Section 82 of the "act for the incorporation of cities," approved *June* 18, 1852, was intended to provide a mode for the annexing of lands to cities in all cases not provided for by section 81 of the same act.

APPEAL from the *Clark* Circuit Court.

DAVISON, J.—The mayor and common council of the city of *Jeffersonville* applied, by petition, to the board of county commissioners of *Clark* county, for the annexation to that city of certain territory. *French Weems* and others, the owners of the property sought to be annexed, appeared to the petition, and resisted the application by remonstrance.

The board made an order in compliance with the prayer of the petition, from which the defendants appealed; and the Circuit Court, upon their motion, dismissed the case, on the ground that it was not within the jurisdiction of the board of commissioners.

The record shows, that prior to the commencement of this suit, a certain corporation named the "*Jeffersonville Association,*" made a map of the city of *Jeffersonville* and of the territory prayed to be annexed, which map, including ninth street, was duly recorded; whereby that street and the lots south of it became a part of the city; but the map, so far as it embraced the lots laid off north of ninth street, was never recorded. This map was before the commissioners when they tried the cause, having accompanied the petition as part of it, and as descriptive of the territory in question. Had the county board power to annex to the city the lots designated in the unrecorded part of the map? This is the only question before us.

An act entitled "an act for the incorporation of cities," approved *June* 18, 1852, contains the following provisions:

"SEC. 81. Whenever there shall be lots laid off and platted, adjoining such city, and a record of the same is made in the recorder's office of the proper county, the common council may, by a resolution of the board, extend the boundary of such city, so as to include such lots; and the lots thus annexed shall thereafter form a part of such city and be within the jurisdiction of the same," &c.

"SEC. 82. When any city shall desire to annex contig-

Nov. Term,
1854.

The Mayor,
&c., of Jef-
fersonville
v.
Weems.

uous territory thereto, not platted or laid off, the common council shall present to the board of county commissioners a petition, setting forth the reasons for such annexation, and shall accompany the same with a map or plat accurately describing by metes and bounds the territory proposed to be attached, which shall be verified by affidavit." 1 R. S. 1852, pp. 220, 221.

These are the only provisions in our statutes prescribing the mode in which a city may extend her boundaries.

The common council, it is evident, had no right, by resolution, under section 81, to include the lots north of ninth street; because no plat of them had ever been recorded. Nor can these lots be annexed in the mode prescribed in section 82, if the power given to the commissioners be restricted by the literal import of the words "not platted or laid off," as used in that section. These words, if literally interpreted, would deprive the county board of jurisdiction in the present case; but it seems to us that such construction should not be adopted, because it would lead to absurd results, in conflict with the manifest intent of the law-maker. If the opinion of the Circuit Court be correct, the owners of land adjacent to a city might, in every instance, prevent the extension of her boundaries, by laying it off in lots and platting them, but refusing to record the plat. This result was not intended by the legislature. But it seems plain, when we look into both sections, that they did intend that a city, when necessary for the accommodation of her growth and business, might exercise the power of extending her boundaries alike towards all contiguous territory, whether it be platted or laid off or not. We are, therefore, of opinion that the latter section was designed to embrace all the land adjoining a city, for the annexation of which no provision was made in section 81. And to construe these enactments otherwise than in conformity with such intention, would, in effect, make them contradict themselves.

" When the words of a law are susceptible of two different senses, the Court will adopt that sense which will not lead to an absurdity." Smith's Comm. 664. Again, "it

Nov. Term,
1854.

THE MAYOR,
&c., OF JEF-
FERSONVILLE
v.
WEEMS.
is the duty of Courts to execute all laws according to their true intent and meaning: that intent when collected from the whole and every part of a statute must prevail, even over the literal import of terms, and control the strict letter of the law, when the latter would lead to possible injustice and contradictions." *Id.* 662.—1 Kent's Comm. 462.

These are settled rules of construction and may be aptly applied to the case under consideration. It is true, the words "not platted or laid off" may be taken to refer to an unrecorded plat. This would seem to be their literal meaning; but in that sense they would not express the intent of the law. They may, however, refer properly to a recorded plat, because that word, when used in reference to territory laid off in the manner of city or town lots, in most cases, involves the idea that such plat has all the requirements of the statute necessary to make it effective; that it has not only been acknowledged, but duly recorded in the proper office. 1 R. S., p. 493, s. 1. Indeed it is hardly doubtful that the law, when it speaks of a plat, always means a recorded one; and if it be unrecorded, it is, in legal contemplation, no plat. This sense of the word would authorize the phrase "not platted or laid off," to be read thus: "not platted or laid off and a plat thereof recorded." Such interpretation would render the two sections consistent with the plain intent of the legislature, viz., that the county board should have the power to annex to a city any adjacent territory not embraced in section 81; in other words, all such territory as was not included in a recorded plat. This, we think, is the proper construction of the above sections when taken together; and the judgment of the Circuit Court must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. T. Otto* and *J. S. Davis*, for the appellant.

*C. Dewey*, for the appellees.