THE STATE, on the relation of BENTON *v.* THE MAYOR, &c., of La Porte.

CITIES.—Under the act for the incorporation of cities, approved *March* 9, 1857, one elected to fill a vacancy in the office of councilman is entitled to hold the office during the unexpired term of his predecessor.

APPEAL from the *LaPorte* Circuit Court.

RAY, J.—This was an application presented in *May*, 1865, for a writ of *mandamus* against the mayor and the members of the common council of the city of *LaPorte*, requiring them to induct the relator into his office as councilman from the third ward of said city. An alternative writ was issued and a return made thereto by the appellee *Noyes*, mayor of the city. To this return a demurrer was filed and overruled and final judgment entered thereon against the appellant.

It appears that at a biennial election for councilmen in *May*, 1863, one *Hendricks* was elected a member of the city council from the third ward; that after entering upon his office, he resigned, and at a special election presently thereafter held in said ward, *Benton*, the relator, was duly elected to the office. In *May*, 1865, at the general election, the relator and another person received the highest number of votes cast for the two councilmen of that ward, and were given the certificates of election by the board of canvassers;

but the mayor and council of the city refused to admit them to office, and received and recognized two other persons as duly elected.

It appears to us, from an examination of the provisions of the act for the incorporation of cities, approved *March* 9, 1857, 1 G. & H. 216, that the term for which *Benton* was elected in 1863, extended for four years from *May* of that year, and that, therefore, at the date of his application to the court, he was entitled to the writ of mandate and to the relief asked, without regard to the election held in *May*, 1865.

The ninth section of the act to which we have referred, as amended in 1859, provides that the officers of a city shall consist of a mayor, two councilmen from each ward, &c.; that all such officers elected at any special election shall hold their offices until the next general election, on the first *Tuesday* in *May*, and until their successors shall be elected and qualified. After the first general election, said officers shall respectively hold their offices for two years each. The councilmen shall be chosen by the legal voters of their respective wards, and one councilman from each ward, to be determined by lot at the first regular meeting after the election, shall hold his office for two years, and the other, to be determined in like manner, shall hold his office for four years; and biennially thereafter, one councilman shall be elected by the voters of each ward.

In the construction of statutes, "it is the duty of courts to execute all laws according to their true intent and meaning; that intent when collected from the whole and every part of a statute must prevail, even over the literal import of terms, and control the strict letter of the law, when the latter would lead to possible injustice and contradictions." Smith's Com., p. 662; *The Mayor, &c.,* v. *Weems et al.,* 5 Ind. 547.

The evident intent of the section cited is that only one councilman, of the two from each ward, shall be elected every two years, for a term of four years. But if the pro-

vision that "all such officers elected at any special election shall hold their offices until the next general election, on the first *Tuesday* in *May*," is held to include councilmen, it must result, that from special elections to fill vacancies occurring in that office, the two councilmen from the same ward will often be elected at the same general election, for the full term of four years, and regularly thereafter at the same date, thus defeating the object of the legislature, which was to avoid an entire change in the representation of any ward at any regular election. Nor can there be more reason in holding, in plain conflict with the intent of the act, that councilmen are included in the above provision, than that they are also embraced in the clause following, that after the first general election, "said officers shall respectively hold their offices for two years each." This language is equally comprehensive, and yet it cannot include members elect of the city council, for their term of office is fixed at four years.

Considering the entire section, we do not think councilmen are included in the provision in regard to special elections, but that they come under the general rule that "every person elected to fill any office in which a vacancy has occurred, shall hold such office for the unexpired term thereof." 1 G & H., § 7, p. 672.

But there is another view of the intention of the legislature in the use of the words "special election," which carries us to the same conclusion. We think, as used in the ninth section, the words refer only to the special election provided for in the preceding section, upon the first organization of the city, and are not intended to apply to the special elections for filling vacancies, authorized by section seventeen, and that all elections held by virtue of the latter section come under the general provision of the statute already cited, and the person elected is entitled to hold his office for the unexpired term thereof.

It appears by the record that the demurrer filed by the appellant to the return made by the appellee *Noyes*, to the

writ, was overruled on the 29th day of *July*, 1865, and final judgment entered on that day. At that date, the relator was entitled to the relief demanded, and his demurrer should have been sustained. As his term of office has now expired, the only relief he can receive is the reversal of the cause, at the costs of the appellee *Noyes.*

The judgment is reversed, with costs, and the cause remanded.

*J. B. Belford*, for appellant.