Baker, Governor, v. Kirk.

## BAKER, Governor, v. KIRK.

33 | 517
127 | 596
33 | 517
130 | 126
33 | 517
144 | 237
145 | 350
33 | 517
148 | 166
148 | 167
151 | 282
151 | 559
151 | 560

OFFICE.—*Term.*—*Vacancy.*—*Prison Director.*—When a person is elected by the General Assembly to the office of director of the state prison, since the expiration of the terms for which the first directors were elected, he, if eligible, is entitled to the office for the period of four years from the date of his election, and until his successor is elected or appointed, and qualified; except that when he is elected by reason of a vacancy having occurred in said office, he is entitled to the office only for the unexpired portion of the term of four years in which such vacancy has occurred, and until his successor is elected or appointed, and qualified.

SAME.—*Constitutional Law.*—Section 7 of the act of May 13th, 1852 (1 G. & H. 672), is not in conflict with the constitution, so far as offices created by the legislature are concerned; and it applies to and governs the filling of vacancies in such offices created after the passage of said act, as well as those then in existence.

APPEAL from the Marion Civil Circuit Court.

BUSKIRK, J.—The appellee commenced in the court below a proceeding by *mandamus* against the appellant, as the Governor of the State of Indiana, to compel him to issue to the appellee a commission, as a director of the Southern State Prison, for the term of four years from the 11th day of January, 1871.

Upon the filing of the petition, the appellee moved the court for an alternative writ of mandate, directed to Conrad Baker, Governor of the State of Indiana, requiring him to show cause why a peremptory writ of mandate should not be issued, directing and requiring him, as the Governor of the State of Indiana, to issue to the appellee a commission as director of the state prison located at Jeffersonville, Indiana, for the term of four years from the 11th day of January, 1871.

The court ordered the writ to be issued. Whereupon the appellant appeared in open court and waived the issuing and service of said alternative writ of mandate, and entered his appearance thereto; and thereupon, by the agreement of the parties, this cause was submitted to the court for trial and final judgment, upon an agreed statement of facts

which was then filed as a part of the record in this cause, which agreed statement of facts is as follows:

"JOHN KIRK *v.* CONRAD BAKER, Governor of Indiana.

"It is agreed that this cause may be submitted to the court for decision upon the following agreed state of facts:

"That on the 18th day of January, in the year 1867, M. V. Ghee was duly elected by the legislature to the office of director of the state prison south, for the term of four years; that he was duly commissioned and qualified to act as such, and did enter upon the discharge of the duties of the said office for the said term of four years, and continued in the discharge of the duties thereof until on or about the — day of ————, 186–, at which time he accepted and entered upon the duties of another office, the duties of which were inconsistent with the duties of said office of prison director, and thereupon and thereby the said office of prison director became vacant; that the said Ghee, by his said election, became entitled to hold the said office for the term of four years; that his right to hold the said office ceased in the manner aforesaid, and thereupon the legislature of the State of Indiana, to fill the office made vacant as aforesaid, on the 23d day of April, in the year 1869, elected Robert S. Heiskell thereto; that the journals of the House of Representatives show that Heiskell was 'elected director of the state prison south,' and the journals of the Senate show that he was, by the joint convention that elected him, declared elected 'for the term prescribed by law;' that said Heiskell was commissioned by the Governor on the — day of ————, 1869, for the term of four years, said commission being upon the election aforesaid.

"It is further agreed, that on the 11th day of January, 1871, the legislature, in proper form, as stated in the certificate attached to the complaint herein, proceeded to elect a successor to the said Robert S. Heiskell; and that the plaintiff received a majority of the votes, and was, by the convention of the two branches of the legislature, declared

elected director of the state prison south for the term of four years; and that the said plaintiff is in all respects eligible to the office.

"It is further agreed that if said Heiskell was, according to law, elected only to fill the term of said Ghee, then there was a vacancy to be filled by the present legislature, and the election of the said plaintiff is valid to the said office, and that he is entitled to his commission accordingly; but if the said Heiskell was elected and properly commissioned for the term of four years from the time of his election, there was no vacancy to which the plaintiff could be elected.

"It is further agreed, that this cause is to be presented to the court at once, and if the court finds there was a vacancy to be filled upon the foregoing statement of facts, a *mandamus* shall issue accordingly, and either party has the right to except and prepare the case for the Supreme Court.                   "JOHN KIRK,

"CONRAD BAKER,

"Gov. of Indiana."

Upon the foregoing statement of facts, the circuit court rendered the following finding and judgment, namely: "Being sufficiently advised in the premises, the court finds upon the agreed statement of facts that the election of Heiskell was for the unexpired term for which Ghee was elected, to wit, for the remaining time unexpired of four years from the 18th day of January, 1867, and until his successor, Kirk, was elected and qualified, and not for the term of four years from the date of the election of Heiskell, to wit, the 23d day of April, 1869; and that Kirk is entitled to the office of director of the state prison south for a term of four years from and after the date of his election, to wit, for four years from January 11th, 1871, and to have and receive a commission accordingly issued by Conrad Baker, Governor of the State of Indiana.

"Whereupon it is ordered and adjudged by the court that a peremptory writ of mandate do issue, directed to the

said Conrad Baker, as Governor, as aforesaid, directing and requiring him to issue to said John Kirk a commission as director of the state prison south for the term of four years from the 11th day of January, 1871, and until his successor shall be elected and qualified."

Proper exceptions were taken by the appellant to the finding and judgment of the court below, and the case is brought to this court to settle what is claimed to be a doubtful question of construction of the statutes, and not to harass the appellee or prevent him from obtaining the office to which he has been elected, if he is lawfully entitled thereto. It is due to Governor Baker that we should say that it appears from the record in this case that he has acted with the utmost fairness, and has afforded every facility for an early submission and prompt decision of the questions involved.

The real question presented for our solution and decision is this: For what period of time, or term of office, was Robert S. Heiskell lawfully elected in April, 1869? If he was elected for the full term of four years, if such is the term fixed by law for every person elected by the General Assembly to the office of prison director, then the appellee's election was premature and void, and the judgment of the court below should be reversed. But if the law under which Mr. Heiskell was elected provides for an election by the General Assembly of a prison director to fill the unexpired term of his predecessor in office, or for any term other than four years after the first election, then the appellee was lawfully elected, and the judgment of the court below should be affirmed. Mr. Heiskell's term of office and the appellee's rights under his said election alike depend upon the construction of the law under which both Heiskell and the appellee claim to have been elected and the act of May 13th, 1852, entitled "an act touching vacancies in office, and filling the same by appointment." The law under and by virtue of which Mr. Heiskell and the appellee were elected is the act approved February 5th, 1857, entitled

"an act to provide for the government and discipline of the state prison, and to repeal 'an act to provide for the government and discipline of the state prison', approved March 3d, 1855, and all other laws or parts of laws, inconsistent herewith." 1 G. & H. 464. So far as the questions now under consideration—the election and terms of office of the prison directors—are concerned, this act of 1857 has remained unchanged since it became a law. The second section of this act provides for the election of the directors, their terms of office, and the manner of filling vacancies by appointment. That part of the second section of said act which is applicable to the case now under consideration reads as follows:

"Sec. 2. There shall be elected by the General Assembly of the State of Indiana, at the present session thereof, three directors of the state prison, one of whom shall hold his office for two years, and two of whom shall hold their offices four years from and after their election aforesaid, and until their respective successors shall be elected or appointed, and qualified. After the first election of directors as aforesaid, *as the term of office of any director shall expire*, his successor shall be elected in like manner for the term of four years, and until his successor shall be elected or appointed, and qualified. Whenever any vacancy shall occur in the office of director, by death, resignation, or otherwise, or by the failure of the General Assembly to elect as aforesaid, the governor shall appoint a person to fill such vacancy, to serve until the next meeting of the General Assembly."

It is very manifest that the term of office of a prison director, as fixed by the above law, after the expiration of the term of office of the persons first elected, is for the period of four years. It is equally plain that the object of the legislature in providing that one of the directors first elected under this law should serve for two years, and that two of them should serve for four years, was to prevent the directors from all going out of office at the same time. The

legislature seemed to consider that the best interest of the State and of the unfortunate persons confined in the prison required that there should be, at all times, after the expiration of the term of service of the first directors, one director who had had experience and was familiar with the workings of the prison and its financial condition; hence, it is provided that one of the three of those first elected should serve for only two years, and that when his successor was elected he should serve for the term of four years, thus extending his term two years beyond the terms of the two who had been first elected for four years. If no vacancy occurred in the office of director, except by expiration of the full term of service as fixed by this act, then it would never happen that all the directors would be elected at the same time, or that all would go out of office at the same time. The above section makes ample provision for filling any vacancy that may occur in the office of director when the legislature is not in session. In such a case, or when the legislature shall fail to elect, it is made the duty of the Governor to fill such vacancy by appointment, and the appointee shall hold his office until the meeting of the next General Assembly, when his right to discharge the duties of such office would terminate. In such case, there would be a vacancy in such office from the meeting of the General Assembly until such time as the legislature should fill such vacancy by an election, unless the appointee could hold until his successor was elected or appointed, about which we express no opinion, it not being necessary that we should in this case; and if the legislature should fail to elect, then the Governor could fill the vacancy by appointment, after the final adjournment of the legislature, and the person so appointed would hold his office until the next meeting of the General Assembly. This act does not in express terms provide that when a vacancy has occurred and has been filled by appointment, the General Assembly shall elect a director, but such was the evident intention of the legislature, and such has been the practice.

But it is conceded by both the appellant and appellee in this case, that it was the duty of the legislature to fill by an election any vacancy that may exist in the office of director; for if it was otherwise, Heiskell would have no right to the office, for he was elected to fill a vacancy that had been created by the acceptance by his immediate predecessor, Ghee, of another office, which vacated his office of director. It is broadly admitted, in the agreed statement of facts, in this case, that it was the duty of the General Assembly that was in session in 1869, to elect some person as a prison director, in the place of Mr. Ghee, and that Mr. Heiskell was in due form of law elected. The only question in dispute is, whether he has the right under such election to hold the office for a full term of four years, or whether he only holds it for the unexpired term for which Ghee had been elected. The section of the statute under consideration is silent upon that point. It has to be determined by the interpretation and construction of this and other acts of the legislature. The section under consideration provides, that "after the first election of directors as aforesaid, as the term of office of any director shall expire, his successor shall be elected in like manner for the term of four years, and until his successor shall be elected or appointed, and qualified." The argument made by the attorneys for the appellant renders it necessary for us to place an interpretation upon, and give a definition of, the phrase "term of office" as used in the above section. It is urged by the appellant that the phrase "term of office" does not mean the fixed period of time for which the office may be held as fixed by law, but the actual time that any director may hold the office. He says, "the term of office, as fixed by the statute, is four years; but the term of office of the individual director may be, and often has been, for other and different periods of time. The term of office of the individual director may expire, and often has expired, in other ways than by limitation. By his death, his resignation, his removal from office, or his acceptance of another office of trust and profit,

his term of office as prison director will expire, cease, and determine, to all intents and for all purposes, and when *his* term of office shall so expire, then *his* successor shall be elected by the General Assembly for the *term of four years."*

The able and learned attorneys for the appellant have, in their brief, presented, argued, and insisted upon the correctness of the above construction with great earnestness, ingenuity, and ability; but we think such position is wholly untenable. The argument amounts to this: that the phrase "term of office," as used in the section under consideration, does not apply to the office, but to the incumbent of such office; that when Ghee vacated the said office of director by the acceptance of another office of trust and profit, his term of office as director expired; and that it was the duty of the General Assembly to elect his successor for the full term of four years. In our judgment, this reasoning is unsound. It would make the term of office to depend upon the pleasure or caprice of the incumbent, and not upon the will of the legislature as expressed, in plain and undoubted language, in the law. This construction would defeat the true intent and meaning of the legislature, which was to prevent an entire change of the board of directors of the prison. The construction contended for would be in violation of the well settled rule of interpretation and construction, that "words, if in common use, are to be taken in their natural, plain, obvious, and ordinary significations; but if technical words are used, they are to be taken in a technical sense, unless a contrary intention clearly appear in either case from the context."

The attorneys for the appellant, in their brief, admit that, "in ordinary parlance, the phrase 'term of office' means the fixed period of time for which the office may be held." If this be true, then the construction contended for can only be sustained upon the theory that the phrase was used in a technical, or legal sense. This phrase, in our State, has a constitutional, legal, and technical meaning, and the signification thus given to it utterly destroys the position con-

tended for. Let us apply this test. The phrase is used several times in the constitution of Indiana. Section 30 of article 4 reads as follows:

"Sec. 30. No senator or representative shall, during the *term* for which he may have been elected, be eligible to any office, the election to which is vested in the General Assembly; nor shall he be appointed to any civil office of profit, which shall have been created, or the emoluments of which shall have been increased, during such term; but this latter provision shall not be construed to apply to any office elective by the people."

Section 16 of article 7 reads as follows; "No person elected to any judicial office · shall, during the *term* for which he shall have been elected, be eligible to any office of trust or profit under the State, other than a judicial office."

Section 3 of article 15 reads as follows: "Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given *term*, the same shall be construed to mean, that such officer shall hold his office for such *term*, and until his successor shall have been elected and qualified."

If we apply the same construction to sections 30 and 16, above quoted, as is sought to be applied to the section under consideration, the result would be that the senator or representative in the case mentioned in section 30, and the judicial officer in the case mentioned in section 16, could remove the ineligibility therein declared by resigning his office, which would close and terminate his "term of office." This conclusion is irresistible, if the phrase "term of office" applies to the incumbent and not to the tenure of the office. Section 3 of article 15 of our constitution, above quoted, gives such a definition and signification of the word "term," when applied to an office, as to conclusively demonstrate the incorrectness and fallacy of the interpretation placed upon the phrase "term of office," as used in the section

under consideration. We find the phrase "term of office" used all through our statutes creating and prescribing the terms of officers. We also find it in all our statutes fixing the times of holding courts. The phrase "term of office" has been constantly used by this court as referring to the tenure of office, and not to the incumbent. If the phrase under consideration was used in a strictly technical or legal sense, as we have seen, it means the tenure of office, and not the time which the incumbent may choose to hold such office. The construction contended for cannot be sustained either by the technical or common meaning of the phrase. But we have said that the construction contended for by the appellant would defeat the true intent and meaning of the legislature. This court, in the case of *The State, ex rel. Benton,* v. *The Mayor, &c., of Laporte,* 28 Ind. 248, which was a proceeding by mandate to determine the right to an office, in speaking of how far the intention of the legislature should control the interpretation and construction of a law, say : "In the construction of statutes, 'it is the duty of courts to execute all laws according to their true intent and meaning; that intent, when collected from the whole and every part of a statute, must prevail, even over the literal import of terms, and control the strict letter of the law, when the latter would lead to possible injustice and contradictions.' Smith's Com. 662; *The Mayor, &c.,* v. *Weems,* 5 Ind. 547.

"The evident intent of the section cited is, that only one councilman, of the two from each ward, shall be elected every two years, for a term of four years. But if the provision that 'all such officers elected at any special election shall hold their offices until the next general election, on the first Tuesday in May,' is held to include councilmen, it must result, that from special elections to fill vacancies occurring in that office, the two councilmen from the same ward will often be elected at the same general election, for the full term of four years, and regularly thereafter at the same date, thus defeating the object of the

legislature, which was to avoid an entire change in the representation of any ward at any regular election."

This case is directly in point, and plainly indicates that it is the imperative duty of this court to give such construction to the act under consideration as will execute and carry into effect the true intent and meaning of the legislature. We therefore hold that the words "after the first election of directors as aforesaid, as the term of office of any director shall expire, his successor shall be elected in like manner for the term of four years, and until his successor shall be elected or appointed, and qualified," apply where the director has served out the full term of office as fixed by law, and that they have no application where the director has resigned or vacated the office before the expiration of his full term of office, and consequently that Robert S. Heiskell was not lawfully elected and entitled to serve as a director for the term of four years.

It remains for us to inquire for what length of time he was elected and is entitled to hold his said office.

Section two of article fifteen of our State constitution reads thus: "When the duration of any office is not provided for by this constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years."

This section confers upon the legislature the power to create offices not provided for in the constitution, and to fix the tenure of such offices. There is but one limitation upon the power, and that is, that no office shall be created the tenure of which shall be longer than four years. The power to create an office and fix its tenure carries with it the power to provide for the election of such officers and the filling of vacancies that may occur therein. The legislature of 1852, in conformity with this provision of the constitution, passed various acts in reference to the election of officers, and finally, on the 13th day of May, 1852, en-

acted a law, entitled "an act touching vacancies in office, and the filling the same by appointment." The seventh section of this act reads as follows: "Every person elected to fill any office in which a vacancy has occurred, shall hold such office for the unexpired term thereof." See 1 G. & H. 672, sec. 7. This act was in existence and in full force when the act providing for the election of prison directors was passed, and the legislature seems to have framed the law in view of the seventh section above quoted, for it does not specify the time for which a person shall be elected to fill a vacancy, but leaves it to the general law. This court, in the case of *The Governor* v. *Nelson*, 6 Ind. 496, held that the seventh section above quoted was unconstitutional and void, in so far as it might apply to the filling of a vacancy in an office expressly created, and the tenure of which was fixed, by the constitution, but by implication held that it was valid and constitutional so far as it affected offices created by the legislature.

But it has been earnestly insisted by the appellant that the said section cannot apply to and govern in electing an officer to fill a vacancy in an office that was created after the act in question had become a law. The act in question is expressly authorized by the constitution, and is not restricted to offices then in existence, but is general in its terms and will apply to and govern the filling of vacancies in offices that were then in existence and to such as might be afterwards created. But this is no longer an open question. This court, in the case of *The State, ex rel. Benton,* v. *The Mayor, &c., of Laporte,* 28 Ind. 248, in determining the tenure of an officer elected under and by virtue of the law passed in 1857, refered to and was governed by the section in question. The court say: "Considering the entire section, we do not think councilmen are included in the provision in regard to special elections, but that they come under the general rule, that 'every person elected to fill any office in which a vacancy has occurred, shall hold such office for the unexpired term thereof.' 1 G. & H. 672, sec. 7."

We are of the opinion that Robert S. Heiskell was elected to fill the vacancy in the office óf director created by the vacation of such office by Ghee, and that he is only entitled to hold such office for the unexpired term, and that the appellee was duly elected for a full term; and is entitled to be commissioned as a director of the state prison south for the term of four years from the 11th day of January, 1871.

The finding of the court below was fully sustained by the agreed statement of facts, and the judgment is in accordance with the law.

Judgment affirmed.

*G. V. Howk* and *W. W. Tuley*, for appellant.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellee.