Owen, J.
Did notice to the defendant, he being the owner of an undivided interest of the lands actually occupied by him, invest the trustees with power to view and assign to each party, for repair, his share of the partition fence 2
The defendant, by his demurrer, admitted that he received such form of notice as the law required ; that he was then and for twenty years previously had been in possession, claiming to be the owner of the land to be affected; that he was alone interested iu the possession of it; that he was alone interested in the construction and repair of the partition fence; that he was the only person known to the trustees and the community as the owner of the title; that he held himself out as the sole owner of the land, and that the owners of the residue of the title to it were persons whose residence was not within the State of Ohio, nor known to the plaintiff or the trustees.
The contention of the defendant was and is, that all persons interested in the title of the lands occupied by him should have had notice of the proposed action of the trustees before they could have become invested with jurisdiction to act.
The defendant was the sole occupant of the lands. He was, by his- own admission, the only person interested in the possession of it or in the repair of the fence. His co-tenants in common were beyond seas ; their residences unknown.
As the form and manner of notice are not prescribed by the act, actual notice could alone satisfy its requirements.
This would require of the plaintiff an impracticable, if not an impossible, thing.
That the law does not require vain, absurd or impossible things of men is one of its favorite maxims; and it is the plain duty of the courts, in the interpretation of a statute, unless restrained by the rigid and inflexible letter of it, to lean most strongly to that view which will avoid absurd consequences, injustice and even great inconvenience; for none of these can be presumed to have been within the legislative intent. Rex v. Banbury, 1 Ad. & El. 136, 142; Commonwealth v. Loring, 8 Pick 370; Jeffersonville v. Weens, 5 Ind. 547; Henry v. Tilson, 17 Vt. 479; Putnam v. Langley, 11 Pick. *664 490; Bishop on Written Laws, 82; Debolt v. Trust Co., 1 Ohio St. 365; Brigel v. Starbuck, 34 Ohio St. 285.
In the case last cited, Okey, J., uses this language : “ Bnt where strict adherence to the mere letter of a remedial statute will manifestly lead to serious inconvenience, interruption and delay in the settlement of an estate, we may sometimes depart from it, and we are always justified in looking to the whole statute to ascertain in what sense the words were used.”
If the defendant’s position is well chosen, and all persons interested in the title were required to bo notified, remainder-men, reversioners, mortgagees, execution creditors after levy, would be within the requirement of the act and require notice, though having no interest in the possession of the premises or the repair of the fence.
Applying, the foregoing principles of construction, and looking to the entire act and the objects to be effected, we are not called upon to do violence either to the obvious legislative intent or to the letter of the act in order to give it an interpretation in entire accord with reason and the justice of the case.
Section 2 of the act before us provides :
“ The respective owners, or lessees for one or more years, “ of lands which now are, or hereafter may be inclosed with “fences, shall keep up and maintain in good repair, all partition fences between their own and the next adjoining in- “ closures, in equal shares, so long as both parties continue “to occupy or improve the same.”
This provision raises the plain implication, that the parties -occupying and improving for their own benefit the lands ■divided by a partition fence are they who are immediately ■concerned in its repair.
Section 3 of the act provides for notice “ to all parties who may have any interest in the title or possession of said premises a,id the repair or construction of said fence?
To entitle a party to notice it is not enough that he be interested in the title or possession of the premises; he must also be interested in the repair or construction of the fence.
*665 How the defendant came to be alone interested in the construction and repair of this partition fence does not appear. It is sufficient for us to know that he admits the fact to exist, and this leaves us at liberty to suppose that it is so by some arrangement between himself and his co-tenants in common. Notice to him was sufficient to authorize the trustees to act.
The facts stated in the petition abundantly constituted a cause, of action, and there was error in sustaining the demurrer to it and rendering the judgments complained of. The judgments of the court of common pleas and of the district court are reversed, and cause remanded for further proceedings according to law.