Filed April 1, 1887.

---

No. 13,688.

THE STATE, EX REL. HENCH, v. CHAPIN.

OFFICE AND OFFICER.—*Governor's Commission.*—*Term of Office.*—The commission issued to an officer by the Governor is merely *prima facie* evidence of the facts therein stated; it can not extend the term of an office as fixed by law.

SAME.—*Superior Court of Allen County.*—*Vacancy in Judgeship.*—As the act of March 5th, 1877, creating the superior court of Allen county, contains no provision for the filling of any vacancy in the office of judge thereof, other than the one that existed upon the creation of such court, the act of May 13th, 1852, applies, section 7 of which (being section 5567, R. S. 1881,) provides that "Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

SAME.—*Election to Fill Vacancy.*—*Holding for Unexpired Term.*—Where W., who was elected judge of the superior court of Allen county, in 1882, for the term of four years, died in office in 1884, and H. was elected in November of that year to fill the vacancy created thereby, the latter was entitled to hold during the unexpired term of W., and not for the full term of four years; and a successor who was elected in 1886, upon the expiration of the term for which W. was elected, became then entitled to the office.

From the Allen Circuit Court.

*S. R. Alden, W. G. Colerick, H. Colerick, W. S. Oppenheim* and *S. M. Hench,* for appellant.

*J. Morris* and *J. M. Barrett,* for appellee.

HOWK, J.—This was an information in the name of the State, on the relation of Samuel M. Hench, Esq., as plaintiff, in the nature of a proceeding by writ of *quo warranto*, against Hon. Augustus A. Chapin, acting judge of the superior court of Allen county, as defendant. Appellee Chapin demurred to the relator's information, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and to this ruling relator excepted, and, declining to amend or plead further, judgment was rendered by the court that he take nothing by his suit herein, and that appellee recover of him his costs in this behalf expended.

Error is assigned here by appellant's relator, solely upon the sustaining of appellee's demurrer to the relator's information herein.

In his information, relator averred that he had been a resident of Allen county for more than twenty-three years, and an elector of such county, and State of Indiana, for more than fourteen years last past continuously, and, during his entire life, a citizen of the United States, and in 1872 was duly admitted to practice law by the Allen Circuit Court, of such county, and since 1872, except by reason of his official position while judge of the criminal court of such county and of the superior court of such county, had been a practicing attorney in active practice in such county, and qualified and entitled to practice in all courts of this State; that from November 13th, 1882, until October 31st, 1884, the relator held the office and performed the duties of judge of the criminal court of Allen county, having been duly elected to and duly qualified for such office; that at the general election in 1878, Hon. Robert Lowry was duly elected judge of the

superior court of such county, and having been duly com-- missioned and qualified as such judge, he held such office and served as such judge until November 25th, 1882; that at the general election in 1882, Hon. James L. Worden was duly elected judge of such superior court of Allen county, and having been duly commissioned and qualified as such judge, on November 25th, 1882, he entered immediately upon the discharge of the duties of such office, and held the same until the second day of June, 1884, on which day he died.

And the relator further averred, that after the death of Hon. James L. Worden, judge of such court as aforesaid, and more than twenty days prior to the general election held on the first Tuesday after the first Monday of November, 1884, in the State of Indiana, the clerk of the Allen Circuit Court duly certified to the sheriff of such Allen county what offi- cers were to be elected at such general election, designating,. among others, a "judge of the superior court of Allen county;" that such sheriff gave due and timely notice thereof' to the electors of Allen county, as required by law, and, at such election, the electors of said county voted for the rela- tor, who was the regular Democratic nominee, for such office ; that the relator had and received the highest number of votes given and cast at said general election, for judge of the su- perior court of Allen county, by the electors of such county, having a majority of 3,706 votes in an aggregate of 13,814 votes, cast at said election for such office, and was thereafter duly declared elected by the board of canvassers for such election, in such county ; that the relator's election to such office, and the statement of the number of votes given to each person for said office, at such election, having been duly cer- tified to the proper officer, the Governor of Indiana, on No- vember 12th, 1884, commissioned the relator to serve as judge of the superior court of Allen county for four years there- after, and until his successor should be elected and qualified ; and that the relator took the oath of office and entered upon the discharge of his duties as such judge on November 13th,

1884, and continued in the discharge of the duties of such office until the 26th day of November, 1886, when the appellee intruded himself into and usurped such office.

And the relator further averred, that, under the pretence that the relator was only entitled under his election as aforesaid, in November, 1884, to hold said office for the remainder of the term for which Hon. James L. Worden had been elected as aforesaid in November, 1882, appellee Chapin caused himself to be voted for at the general election on November 2d, 1886, for said office, and, having received a majority of 56 votes, procured the issuance of a commission to him as judge of said court, by the Governor of Indiana, on November 15th, 1886, and on the 26th day of November, 1886, he usurped and intruded into, and had since unlawfully held, the office of judge of said superior court of Allen county, and since that day had performed the duties of said office; that the relator had not resigned, forfeited, or abandoned said office, nor become in any way disqualified or incapacitated to hold said office, and had, ever since such wrongful intrusion and usurpation by appellee, claimed to be the judge *de jure* of such court, and had, at all times, been ready, capable and willing to perform the duties of said office, but that appellee wrongfully and unlawfully held such office against the relator, and excluded him therefrom; and that the relator was, and had been since 1881, at all times, eligible to said office of judge of the superior court of Allen county, and was duly elected to said office, at the general election in 1884, by the electors of said Allen county. Wherefore, etc.

Upon the facts stated in the relator's information, admitted to be true as the case is now presented, the question for our decision may be thus stated : By his election in November, 1884, did the relator Hench acquire title to the office of judge of the superior court of Allen county, for a full term of four years, or merely for the unexpired portion of the four-years' term for which Hon. James L. Worden was unquestionably elected in November, 1882 ? We need hardly say, that the

fact alleged by the relator in his information herein, that "the Governor of Indiana, on the 12th day of November, 1884, commissioned the relator to serve as judge of the superior court of Allen county for four years thereafter, and until his successor should be elected and qualified," does not affect the question stated, nor the proper answer thereto, in any degree whatever. The Governor's commission did not, and could not, conclusively fix or define the relator's term of office, as judge of such superior court, but was merely *prima facie* evidence of the facts recited therein. *Board, etc.,* v. *State, ex rel.,* 61 Ind. 379; *Reynolds* v. *State, ex rel.,* 61 Ind. 392.

The law fixed the term, or part thereof, for which, upon the facts alleged and admitted, the relator Hench was elected; and this term, or part thereof, could not possibly be extended by the Governor's commission for a longer period. *Hench* v. *State, ex rel.,* 72 Ind. 297.

The superior court of Allen county is a court, organized and established by the General Assembly of this State by and under the provisions of an act, entitled "An act to establish a superior court in the county of Allen, defining its jurisdiction, providing for the appointment, election and compensation of the judge thereof, and other matters connected therewith," approved March 5th, 1877. Acts of 1877, Reg. Sess., p. 43, *et seq.* Section 1 of such act reads as follows: *"Be it enacted by the General Assembly of the State of Indiana,* That there shall be, and hereby is established a superior court in said county of Allen, which shall consist of one judge, who shall hold his office for four years and until his successor shall have been elected and qualified, if he shall so long behave well; such judge shall be elected at the general election next after the taking effect of this act. Said court shall be styled the 'Superior Court of Allen County.'"

Section 24 of such act reads thus: "It is hereby declared, that on the taking effect of this act, there is a vacancy in the office of judge of said superior court, and the Governor shall fill said vacancy by appointment, and the person so ap-

pointed shall hold his office until such time as an election is; provided in this act, and until his successor is elected and qualified."

In the two sections of the above entitled act, which we have quoted at length, are the only references to be found in such act to the appointment, election, or official term of the judge of the superior court of Allen county, or to any vacancy in the office of such judge, or to how, by whom and for what time such vacancy, which could only occur once, should be filled. There is no statute of this State which provides explicitly and in express terms how other vacancies, than the one declared in section 24 above quoted, in the office of judge of the superior court of Allen county, may be filled, and the time for which the person, appointed or elected to fill the vacancy, shall hold such office, *except* the act entitled "An act touching vacancies in office, and filling the same by appointment," approved May 13th, 1852. 1 R. S. 1852, p. 512; 1 R. S. 1876, p. 922. In section 7 of such act, which is section 5567, R. S. 1881, in force since May 6th, 1853, it is provided as follows: " Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

In construing this section of the statute, in the early case of *Governor* v. *Nelson*, 6 Ind. 496, it was held by this court that, in so far as it seemed to be applicable to a vacancy in any office, the term of which was fixed and prescribed in and by our State Constitution, the section quoted was unconstitutional and void. The doctrine of the case cited has since been recognized, approved and followed by this court in all similar cases. *State, ex rel.,* v. *Mayor, etc.,* 28 Ind. 248; *Baker* v. *Kirk,* 33 Ind. 517. While this is so, it has been uniformly held by this court, and correctly so, we think, that the section of the statute last above quoted, in so far as offices created or established by the General Assembly are concerned, is not in conflict with any provision of our State Constitution, but is a valid exercise of legislative power and

discretion. It has been further held, and correctly so, as it seems to us, that the section of the statute under consideration applies as well to offices created by the General Assembly, after such section took effect, as to those offices thus created before that time and then in existence.

Thus, in *Baker* v. *Kirk, supra,* the court said: " But it has been earnestly insisted by the appellant that the said section can not apply to and govern in electing an officer to fill a vacancy in an office that was created after the act in question had become a law. The act in question is expressly authorized by the Constitution, and is not restricted to offices then in existence, but is general in its terms and will apply to and govern the filling of vacancies in offices that were then in existence and to such as might be afterwards created. But this is no longer an open question. This court, in the case of *State, ex rel.,* v. *Mayor, etc.,* 28 Ind. 248, in determining the tenure of an officer elected under and by virtue of the law passed in 1857, referred to and was governed by the section in question. The court say : ' Considering the entire section, we do not think councilmen are included in the provision in regard to special elections, but that they come under the general rule, that " every person elected to fill any office in which a vacancy has occurred, shall hold such office for the unexpired term thereof." ' " Section 5567, *supra.* See, also, *Parmater* v. *State, ex rel.,* 102 Ind. 90 ; *State, ex rel.,* v. *Barlow,* 103 Ind. 563.

In the case in hand, the office of judge of the superior court of Allen county, as we have seen, was created by an act of the General Assembly. The statute simply provided for filling the vacancy declared to exist in the office of judge, after the taking effect of the act, until the general election next afterwards in 1878. It contained no provision whatever for the filling of such vacancies, in the office of judge of such court, as were liable to occur, and as did occur by the death of Judge Worden, on June 2d, 1884, before the end of the second year of his four-years' term. In No-

ʌ vember following, the relator Judge Hench was elected to fill the vacancy in such office, created by the death of Judge James L. Worden. The statute establishing the court and creating the office did not provide or declare the term for which the relator Hench, when elected as aforesaid, should hold such office, whether for a full term of four years, or for the unexpired portion of the four-years' term for which Judge Worden was elected in November, 1882. This omission in the statute, however, is fully and lawfully supplied, we think, by the provisions of section 7 of the general law of this State, "touching vacancies in office," which declare that "Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof." Section 5567, *supra.*

We are of opinion, therefore, that by his election in November, 1884, as stated in his information herein, the relator Hench acquired title to the office of judge of the superior court of Allen county, for the unexpired portion of the four-years' term in such office, for which Judge James L. Worden was elected in November, 1882, and no longer. Appellee's demurrer to the relator's information herein was, we think, correctly sustained by the court below.

The judgment is affirmed, with costs.

ZOLLARS, J., was absent when this cause was considered and decided.

