Filed Sept. 20, 1887.

No. 13,790.

PURSEL v. THE STATE, EX REL. RONEY.

OFFICE AND OFFICER.—*County Surveyor.—Term of Office.—Estoppel.*—P. was elected county surveyor at the general election in November, 1884, and took possession of the office on the 21st of the same month. At the November election, 1886, R. was elected to the same office, and on the 22d of that month demanded of P. the office, with the property belonging thereto, which the latter refused to surrender. In a *quo warranto* proceeding against P.,

*Held,* that having filled the office for the full term prescribed by the Constitution, he is, as against his regularly elected and qualified successor, estopped from denying that his term of office has expired.

From the Starke Circuit Court.

*G. W. Beeman* and *N. L. Agnew,* for appellant.

*A. I. Gould* and *G. A. Murphy,* for appellee.

NIBLACK, J.—This was an information in the nature of a *quo warranto* prosecuted in the name of the State, on the relation of Henry C. Roney, against Abner L. Pursel, for the purpose of obtaining possession of the office of county surveyor, together with the records, charts and other property pertaining to the office.

The court made a special finding of the facts to the effect that, at the November election, in 1884, the appellant, Pursel, was elected surveyor for the county of Starke; that, after having been duly commissioned and qualified, he, on the 21st day of said month of November, 1884, entered into the possession of said office, and had ever since continued to dis-

charge its duties; that, at the November election in the year 1886, the relator, Roney, was elected to the same office, and having been first commissioned and otherwise lawfully qualified, he, on the 22d day of said month of November, 1886, demanded of Pursel the possession of the office, together with the records, charts and other property pertaining thereto; that Pursel refused to surrender the possession of the office, or of anything belonging to the same, and had since continued in the possession thereof, as well as in the discharge of its duties.

The court, thereupon, as a conclusion of law, held that Pursel's term of office had expired on the 21st day of November, 1886, and that the relator, Roney, had become entitled to the possession of the office, together with the records, charts and all other things belonging to it, and, over exceptions and a motion for judgment in favor of Pursel, entered judgment accordingly.

The contention of Pursel is, that applying certain pertinent provisions of the Constitution and laws of this State to the facts as found by the court, his term of office does not expire until the first Monday in November, 1887, and that, consequently, the court erred in holding otherwise as hereinabove stated.

The second section of article 6 of the Constitution provides for the election of a county surveyor for each county, by the qualified voters, who shall continue in office for the term of two years. The act of June 17th, 1852, which went into effect on the 6th day of May, 1853, and was designed to carry this constitutional provision into effect, directed that county surveyors should thereafter be elected at the general elections in the several counties of the State, who should hold their offices for two years from the first Monday in November, next succeeding their election. 1 G. & H. 595; R. S. 1881, section 5948. At that time the general elections were holden annually on the second Tuesday in October, and continued to be holden on that day, either annually or biennially, until

Pursel *v.* The State, *ex rel.* Roney.

the year 1881, when, by an amendment to the Constitution, the time of holding general elections was changed to the first Tuesday after the first Monday in November.

On Pursel's behalf the construction insisted upon is, that as Roney was not elected until after the first Monday in November, 1886, his term does not begin until the first Monday of the succeeding November, which means the first Monday in November, 1887, and that, under the holding-over clauses of the Constitution and of the statutes, Pursel is entitled to continue in office until Roney's term thus begins.

Section 9 of the sixth article of the Constitution, to which reference has been made, ordains that "Vacancies in county, township, and town offices shall be filled in such manner as may be prescribed by law." Acting under that provision, the Legislature has prescribed that all vacancies in county offices shall be filled by the board of commissioners of the proper counties respectively, and that an appointment to fill such a vacancy shall expire when a successor is elected, and that such successor shall be elected at the next general election. R. S. 1881, section 5563; *Governor* v. *Nelson,* 6 Ind. 496.

In the case of *Griebel* v. *State, ex rel., ante,* p. 369, the doctrine that the term of an officer fixed by the Constitution can neither be abridged nor extended by a statutory enactment, was fully considered and reaffirmed. It was also then held that, under the operation of the several constitutional provisions and statutes having a bearing on the subject, there was not, and could not be made to be, any uniformity in the several counties of the State as to the time at which persons elected to county offices of the same class shall be entitled to enter upon their duties, where the duration of the term is prescribed by the Constitution. This results from intervening vacancies, and other incidental causes, which fix the times of the beginning, as well as the ending, of particular terms of such offices at different intervals, under the operation of

the Constitution, and hence beyond the power of legislative control.

Although it was not found that Pursel was lawfully entitled to take possession of the office of surveyor at the time he entered upon its duties, the reasonable inference from the finding of facts is that he was so entitled. Having taken possession of the office in pursuance of his election, and having held the office for the full term of two years—the time fixed by the Constitution—he was at all events, as against his regularly elected and properly qualified successor, estopped from denying that his term of office had expired. That principle was also recognized in the case of *Griebel* v. *State, ex rel., supra,* and is both just and reasonable in its application to the facts of this case. It only requires Pursel to give to another the benefit of a legal construction which he has assumed and acted upon in his own behalf.

The judgment is affirmed, with costs.

Filed Sept. 20, 1887.