Filed Oct. 13, 1887.

---

No. 13,836.

BOYLES *v.* THE STATE, EX REL. RIGGS.

OFFICE AND OFFICER.—*County Surveyor.*—*Term of Office.*—One elected to the office of county surveyor at the general election in November, 1884, who, in accordance with the provisions of his commission, took possession of such office on the 15th of the same month, and performed the duties thereof for the period of two years, can not continue to hold the same after his successor has been elected and qualified and makes demand therefor.

From the Pulaski Circuit Court.

*H. A. Steis*, *N. L. Agnew* and *B. Borders*, for appellant.
*J. C. Nye* and *R. A. Nye*, for appellee.

NIBLACK, J.—This was a proceeding in the name of the State, on the relation of Joseph Riggs, in the nature of a *quo warranto*, against John G. Boyles, to enable the relator to obtain possession of the office of county surveyor, together with the books, papers and other property pertaining thereto.

The circuit court tried the cause upon an agreed statement

of facts, the result being a finding and judgment in favor of the relator.

The statement of facts was to the effect that, at the general election held in the county of Pulaski on the second Tuesday in October, in the year 1880, one Jerome T. Bruce was elected surveyor of that county for the full term of two years, commencing during the succeeding month of November; that, on the 15th day of said month of November, a commission was duly issued and delivered to the said Bruce by the Governor, in which it was stated that the said Bruce should hold said office of surveyor for the term of two years from said 15th day of November, 1880; that Bruce thereupon qualified and entered upon the discharge of the duties of the office, and continued in the discharge thereof for the ensuing term of two years; that, at the general election held in said county of Pulaski on the 7th day of November, 1882, the defendant, Boyles, was elected to the said office of surveyor for the term of two years as Bruce's successor in that office; that, on the 15th day of November, 1882, a commission was likewise issued and delivered to Boyles, purporting to authorize him to hold the office to which he had been so elected for the term of two years from that date; that Boyles, after having qualified, entered upon the duties of the office, and continued in the discharge of the same during the succeeding two years; that, at the general election held in the same county on the 4th day of November, 1884, Boyles was again elected to the office of county surveyor as his own successor, and was, on the 15th day of that month, duly commissioned to hold said office for the term of two years from that day; that Boyles, after having qualified, entered anew upon the duties of the office, and has ever since continued and still continues to discharge the same; that, at the general election held in the county in question on the 2d day of November, 1886, the relator, Riggs, received a majority of all the votes cast at said election for the office of county surveyor, and was, in consequence, declared

duly elected to that office; that, soon thereafter, the Governor issued to him a commission which assumed to authorize him to hold that office for the term of two years from the 16th day of November, 1886; that Riggs thereupon qualified in due form of law, and, on the 17th day of said month of November, 1886, demanded the possession of said office, together with all the books, papers and other property pertaining to the same, to surrender which Boyles refused, and still continues to refuse, claiming that he is entitled to hold the office until the first Monday in November, 1887, under the combined operation of section 5948, R. S. 1881, and of the late constitutional amendment changing the time of holding our general elections.

The precise question involved in this appeal was presented in the case of *Pursel* v. *The State, ex rel.,* 111 Ind. 519, and was there decided adversely to the claim of Boyles. Adhering, as we do, to the conclusion there reached, the judgment in this case is affirmed, with costs.

Filed Oct. 18, 1887.