May Term,
1855.

THE GOVER-
NOR
v.
NELSON.

*D. C. Chipman* and *J. W. Gordon*, for the state.

---

THE GOVERNOR *v.* NELSON.

A clerk of the Circuit Court elected to supply a vacancy, under the constitution of 1851, holds his office for the full term of four years from the period of his election.

Section 7, of chapter 115, 1 R. S. 1852, p. 512, so far as it assumes to regulate or abridge the term of office of persons elected to the office of clerk of the Circuit Court, where vacancies have occurred, is in conflict with the provisions of the constitution on that subject and void.

May Term,
1855.

THE GOVERNOR.
v.
NELSON.

Saturday,
July 14.

APPEAL from the *Marion* Circuit Court.

STUART, J.—Motion for a *mandamus*. The affidavit on which the motion was based, sets up, that in *June*, 1852, one *Joseph Sinclear* was duly commissioned clerk of the *Allen* Circuit Court, to serve as such for the term of seven years; that in *September*, 1854, *Sinclear* died, and *Nelson* was duly appointed by the board of commissioners of *Allen* county to fill the vacancy which had thus occurred; that *Nelson* was qualified, entered upon the duties of the office, and served, &c., till the next general election in *October*, 1854, and until the commission thereinafter more particularly referred to; that at said election *Nelson* was duly elected clerk of the *Allen* Circuit Court, a certificate of his election forwarded to the proper office, and on the 14th of *March*, 1855, a commission issued to him as clerk of the *Allen* Circuit Court, for the term of seven years from the 15th of *June*, 1852; that he took the oath required by law, and entered upon the duties of the said office under said commission; that he had, on the 28th of *June*, 1855, called upon governor *Wright* to have the commission corrected, or a new commission issued to him as such clerk for the term of four years, &c., which the governor declined and refused to do, &c. *Nelson* therefore prays a *mandamus* against the governor to show cause, &c.

An order of the Circuit Court was accordingly issued in the alternative, to correct, &c., or show cause, &c.

To this mandate governor *Wright* returned, that he admitted the facts stated in *Nelson's* affidavit, but that he was informed and believed, and accordingly submitted to the Court, whether, under the constitution and the acts of the general assembly, particularly an act approved *May* 13, 1852, entitled "an act touching vacancies in office, and filling the same by appointment," the executive is not bound to issue commissions as thereby directed, viz., "every person elected to fill any office in which a vacancy

has occurred, shall hold such office for the unexpired term thereof;" 1 R. S., 512; that the executive department had uniformly been governed by the said law since it took effect; that the commission now shown to him had not been issued in conformity with the order of the executive to the secretary of state; that *Sinclear's* term would have expired on the 15th of *June*, 1856, under the constitution; and that the instructions of the executive to the secretary were to issue a commission to *Nelson* for that unexpired term.

To this return *Nelson* demurred, and the Court sustained the demurrer; and the governor failing to make further return, a peremptory *mandamus* was awarded. The governor appeals.

The only question presented is, whether *Nelson* should have been commissioned to fill *Sinclear's* vacancy, viz., for four years from the first day of *November*, 1851, when the new constitution took effect, or for four years from the day of the general election in *October*, 1854, when he was elected clerk by the people of *Allen* county. The governor insists that *Nelson* was elected to fill the vacancy. *Nelson* claims the full term of four years from the date of his election.

It is proper to observe, that it appears from *Nelson's* petition there is no wish on the part of governor *Wright* to harass *Nelson* in relation to his office; but only to settle a doubtful question of construction. The governor, it seems, deems it his duty to conform to the acts of the legislature until the judicial department determine whether the law is in accordance with the constitution. He has, therefore, commissioned in compliance with sec. 7, c. 115, 1 R. S., 512, to hold for the unexpired term.

The office of clerk of the Circuit Court is one recognized in the constitution. The second section of article 6, under the head of "administrative," provides, among other things, for the election of a clerk of the Circuit Court by the people, who shall continue in office four years, and shall not be eligible to such office more than eight years in any period of twelve years. 1 R. S., 58. The 9th sec-

tion of the same article provides that vacancies in county offices shall be filled in such manner as may be prescribed by law. The 10th section provides that the general assembly may confer upon the boards doing county business, powers of a local, administrative character. 1 R. S., 59. Section 4, of chapter 115, 1 R. S. 1852, authorizes the commissioners to fill the vacancies in county offices, to hold until the next general election. The 8th, 10th and 12th sections of the schedule of the constitution will be found, on examination, to contain nothing bearing on the questions before us, and therefore need not be quoted.

Under these constitutional provisions, we are of opinion that the term of *Nelson's* office was for four years from the period of his election in *October*, 1854, and that his commission should have run accordingly. We are confirmed in this view by another provision of the constitution, to which counsel have not referred. The 11th section of article 2 provides, that "in all cases in which it is provided that an office shall not be filled by the same person more than a certain number of years continuously, an appointment *pro tempore* shall not be reckoned a part of that term." 1 R. S., 47. As to clerk of the Circuit Court, it has been seen that he may be elected for a term of four years. The same person may fill that office for more than four years continuously, viz., for eight years. 1 R. S., 58, *supra*. And it is a *pro tem.* appointment, and not an election, that is not to be accounted a part of the term during which the same person may hold the office for consecutive years. Thus *Nelson's pro tem.* appointment by the board of commissioners of *Allen* county, is not to be taken as any part of the period during which he may hold the office. But his holding by virtue of an election, seems to us must be so taken. For the second section of article 6 does not provide for part of a term. It contemplates a full term as the result of each popular election. "He shall continue in office four years; he shall not be eligible more than eight years," &c., clearly indicate two full terms. If *Nelson's* term, under the election of *October*, 1854, were only for the unexpired part of *Sinclear's* term, as the commission

issued in pursuance of the act of the general assembly above quoted was intended to run, then *Nelson's* first term could not be four years, nor two terms eight years. For though *Sinclear* was commissioned for a term of seven years from *June*, 1852, yet the taking effect of the new constitution abridged his term of office. 10th specification of the schedule, 1 R. S., 71. *Sinclear's* term, commencing, under the constitution, *November* 1, 1851, and ending *November* 1, 1855, would give *Nelson*, if elected to fill the vacancy, only a little more than one year, instead of four years, to serve. And he would not be eligible to a third term, for that would give him more than nine consecutive years.

Thus, whichever way tested, the hypothesis of filling a vacancy by an election, to hold only for the unexpired term, wholly fails to conform to the clear intent of the constitution. The requirements of the constitution itself would thus be rendered conflicting and incongruous. But on the hypothesis that every election of clerk, at, &c., is for a full term, the several parts fall in harmoniously. We therefore conclude, that to conform to the constitution, the clerks of the Circuit Court elected by the people, are entitled to a full term of four years, and not to be regarded as filling a vacancy of any shorter period.

The 7th section of chapter 115, 1 R. S., 512, so far as it assumes to regulate or abridge the term of office of persons elected to the office of clerk where vacancies have occurred, is in conflict with the provisions of the constitution on that subject, and must be declared void.

*Nelson* is therefore clearly entitled to a commission for the full term.

*Per Curiam.*—The order of the Circuit Court, awarding a peremptory *mandamus*, is affirmed with costs.

*The Governor*, in person.

*J. Morrison, C. A. Ray* and *J. T. Morrison*, for the appellee.