## CARSON v. STATE EX REL. BATH.

[No. 17,985.    Filed June 16, 1896.]

OFFICERS.—*Vacancy in Office of City Treasurer.—Tenure of Appointee.—City Council.—Statutes Construed.*—Where, under section 3483, Burns' R. S. 1894 (section 3050, R. S. 1881), a person is elected by a city council to fill a vacancy in the office of city treasurer, caused by the death of the regularly elected incumbent, he is, under section 7583, Burns' R. S. 1894 (section 5567, R. S. 1881), entitled to the office for the entire unexpired term for which his predecessor was elected.

From the Tipton Circuit Court.    *Reversed.*

*T. M. Butler, S. B. Nash, Swoveland & Pyke,* and *Waugh, Kemp & Waugh,* for appellant.

*Fippen & Purois, Gifford & Gifford, Oglebay & Oglebay,* and *M. T. Sheil,* for appellee.

MONKS, C. J.—The relator, Bath, filed an information, in the court below, to oust appellant from the office of treasurer of the city of Tipton, claiming that he was entitled thereto.

Appellant's demurrer to the information for want of facts was overruled, and upon his refusal to plead further, judgment of ouster was rendered against him. The action of the court in overruling the demurrer to the information, is assigned as error.

It is alleged, in each paragraph of the information, that at the election of 1894 in the city of Tipton, one Thatcher was elected treasurer of the city of Tipton for the term of four years, from the first Monday in September, 1894, and that he entered upon the discharge of the duties of his office on said day, and continued to hold said office under said election until January 31, 1895, when he died, and thereby said office became vacant; that afterwards, on April 8, 1895, the common council of said city elected appellant

treasurer of said city to fill the vacancy caused by the death of said Thatcher, and appellant filed his bond and was duly qualified, and entered upon the discharge of the duties of said office of treasurer, and now holds the same; that, at the May election of 1896, the relator received a majority of the votes cast at said election for the office of treasurer of said city, and received a certificate of his election and gave his bond and qualified as such treasurer, in pursuance of his election, and demanded the possession of said office of appellant, which was refused.

The question presented is, whether appellant was entitled, under his election by the common council to hold the office of city treasurer for the unexpired term of Thatcher, which would end the first Monday in September, 1898, or only until the next city election in May, 1896.

Appellant was elected by the common council to fill the said vacancy, under section 16 of the Act of 1869, concerning the incorporation of cities, being section 3483, R. S. 1894 (section 3050, R. S. 1881), which provides that vacancies in the office of mayor, city judge, clerk, or councilman, occurring in any manner, shall be filled by special election ordered by the common council, and conducted in the same manner as annual elections therefor, and all vacancies in the other offices shall be filled by the common council. This was the only provision in the act of 1869, concerning the filling of vacancies in office. It will be observed that there is no provision concerning the length of term the person elected under the said section to fill a vacancy in any office shall hold, but leaves it to the general law on that subject. The question is governed, therefore, by section 7, of "An act touching vacancies in office and filling the same by appointment, approved May 13, 1852," being section 7583, R. S. 1894 (section

5567, R. S. 1881), which provides that "Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof." It is evident, from an examination of the title and body of this act, that this section applies to all appointments made to fill vacancies in the offices created by the legislature, when no different provision therefor is made by the constitution or statute, whether such appointment is made by a single person or by the people at an election, or by any other body, as the legislature, the common council of a city, trustees of a town, or board of commissioners of a county. *Baker, Gov.,* v. *Kirk,* 33 Ind. 517. In the case last cited it was held that said section applied to the vacancy in office filled by the legislature of the State.

This court held, in *State, ex rel.,* v. *Mayor, etc., of LaPorte,* 28 Ind. 248, that a councilman elected under section 3483 (3050), *supra,* to fill a vacancy, come under the provisions of said section 7583 (5567), *supra.* It has been uniformly held by this court that this section is applicable to all offices created or established by the General Assembly, unless some different provision is made by law concerning the same. *State, ex rel.,* v. *Mayor, etc., of LaPorte, supra; Baker, Gov.,* v. *Kirk, supra; State, ex rel.,* v. *Chapin,* 110 Ind. 272; *Parmater* v. *State, ex rel.,* 102 Ind. 90, 95, 96, and cases cited. Said section is not applicable, however, when the constitution creates the office and fixes the duration or term of such office. *Governor* v. *Nelson,* 6 Ind. 496; *State, ex rel.,* v. *Chapin, supra,* on p. 277; *Parmanter* v. *State, supra.*

It is provided by section 7815, R. S. 1894 (section 5731, R. S. 1881), that whenever a vacancy occurs in the office of county commissioner before the expiration of the term, the remaining commissioner or commissioners, together with the auditor, shall elect some

person to fill such vacancy until the next general election. This court, in *Parmanter* v. *State, supra,* held that under said section the person chosen commissioner held until the next general election, when the voters could elect a commissioner, who would hold, under section 7583 (5567), *supra,* the remainder of said unexpired term. Section 7815 (section 5731), *supra,* authorizing the remaining commissioners and auditor to fill the vacancy, limited the term of the person so chosen until the next general election; if such limitation had been omitted from such section, the person chosen would be entitled to hold such office during the unexpired term of his predecessor, under the provisions of section 7583 (5567), *supra,* providing that the term of office should be for the unexpired term.

We think that any vacancy in the office of mayor, clerk, or councilman, treasurer or marshal, filled under the provisions of section 3483 (3050), *supra,* under which appellee was chosen, would be for the unexpired term of such officer; and the people could not elect until the election when they would have elected a successor to such officer, had such vacancy not occurred.

In 1891 (Acts 1891, p. 33), sections 3484, 3485, R. S. 1894, the legislature passed another act concerning vacancies in the office of mayor, clerk, and councilman. This act provided that all vacancies in the office of mayor, clerk, or councilman of any incorporated city, occurring in any manner, shall be filled by appointment by the common council, and that such appointee shall hold office until the election and qualification of his successor, who, shall be elected at the next general election.

Under this act, the same rule would apply to the offices named, to-wit: mayor, clerk, and councilman, as was declared in *Parmanter* v. *State, supra,* concern-

ing the office of county commissioner, and in *State, ex rel.*, v. *Chapin, supra,* concerning superior judge. That is, the person chosen by the common council to fill a vacancy in the office of mayor, clerk, or council-man, under said act, would hold until the next general election, when some one could be elected to fill out the remainder of the unexpired term.

The act of 1891 does not, however, apply to city treasurer, nor in any manner change the law as it existed before the act was passed concerning filling vacancies in that office, and a person appointed by the common council to fill a vacancy in that office will, under the provisions of section 7583 (2567), *supra,* hold for the unexpired term.

It follows that appellant is entitled to hold the office of treasurer of the city of Tipton for the unexpired term for which Thatcher was elected. His term does not expire, therefore, until the first Monday in September, 1898, and his successor cannot be elected, under the law as it now is, until the election in May, 1898.

The court erred in overruling the appellant's demurrer to the first and third paragraphs of the information.

Judgment reversed, with instructions to sustain the demurrer to the first and third paragraphs of information, and for further proceedings in accordance with this opinion.