## RUSSELL v. THE STATE OF INDIANA, EX REL. CROWDER.

[No. 21,327. Filed January 29, 1909.]

1. OFFICERS.—*Legislative Power to Fix Terms of.*—The legislature has the power to fix the commencement of terms of office within the constitutional restrictions. p. 627.

2. SAME.—*Term of Office.*—The term of office refers to the office and not to the incumbent, and is not changed by varying the times of election. p. 628.

3. SAME.—*"Present Incumbent."*—"The term of the present incumbent," as used in §9475 Burns 1908, Acts 1897, p. 288, providing "that the term of county treasurer shall begin on the first day of January, next following the term of the present incumbent," ʼapplies only to county treasurers whose terms expired before the next general election at which their successors might be chosen. p. 628.

4. SAME.—*Terms.—Change of Commencement of.*—Fixing the time of the commencement of the term of an office at a date subsequent to the expiration of an incumbent's term causes a vacancy at the end of such incumbent's ˌterm, if he is ineligible, but if he is eligible, he will hold over under the Constitution (Article 15, §3), ₚp. 628.

5. CONSTITUTIONAL LAW.—*Elections.*—*Postponing.*—The legislature cannot change the commencement of the term of a constitutional office so as to postpone the time of holding an election to fill same, where the incumbent's term expired before a general election at which his successor to such office could have been elected. p. 629.

6. SAME.—*Changing Terms of Office.*—The legislature can neither abridge nor lengthen the term of a constitutional office. p. 629.

7. SAME.—*County Auditors' Terms.*—*Postponing Elections.*—The act of 1901 (Acts 1901, p. 411, §9148 Burns 1908), providing, among other things, that "the term of office of the county auditor * * * shall begin on the first day of January next following the term of office of the present incumbent," is unconstitutional as to an officer elected at the general election of 1902, and whose term of office began March 28, 1904, the necessary result being a postponement of the time for holding the election for county auditor. pp. 629, 631, 632.

8. SAME.—*Officers Holding Over.*—*Terms.*—Where a county auditor-elect was entitled to his office on March 28, but the incumbent held over until July 5, the term of the auditor-elect was not thereby changed, the period held over being counted as a portion of the auditor-elect's term. p. 631.

9. SAME.—*Elections.*—The Constitution requires elections to be so held that constitutional offices may be filled at the expirations of the terms thereof, and statutory provisions must be construed agreeably thereto. p. 632.

10. ELECTIONS.—*Right of Suffrage.*—The right of suffrage is political and not natural; and, in the absence of constitutional restrictions, may be given or withheld at the legislative discretion. p. 633.

11. ESTOPPEL.—*Facts Known by Both Parties.*—An estoppel cannot arise where the facts are equally well known by both parties. p. 633.

From Sullivan Circuit Court; *Theodore E. Slinkard,* Special Judge.

*Quo warranto* by the State of Indiana, on the relation of Ben C. Crowder, against Elijah E. Russell. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Will H. Pigg* and *John W. Lindley,* for appellant.
*Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

MYERS, J.—Appellee's relator instituted this action in the Sullivan Circuit Court on April 3, 1908, against ap-

pellant, to test the right of appellant to the office of auditor of Sullivan county, and to recover damages for fees alleged to be due him, and withheld by appellant, alleging that appellant was duly and legally elected to the office of auditor of Sullivan county, Indiana, on November 4, 1902, for a term of four years, commencing on March 28, 1904, and ending on March 28, 1908, and that by virtue of said election appellant continued to hold said office lawfully until March 28, 1908; that appellee's relator was elected to the office of auditor of Sullivan county, Indiana, in November, 1906, for a period of four years, beginning March 28, 1908, and ending March 28, 1912; that relator is thirty-two years old, is competent, and eligible to said office for said period, and that he was duly and legally qualified on and prior to March 28, 1908, as auditor of said Sullivan county, and demanded said office from the appellant on said date, and that appellant refused, and still refuses, to surrender possession of said office to said relator, and that said appellant has ever since said March 28, 1908, unlawfully held possession of said office of auditor, and withheld the fees and emoluments thereof, amounting to $2,500, from the relator, to his damage in the sum of $2,500. Prayer for the possession of said office and damages. A demurrer for want of sufficient facts, and for the reasons that the plaintiff has not the legal capacity to sue, and that there is a defect of parties plaintiff, in that relator has not such interest, nor any interest, in the subject-matter that gives the plaintiff the right to bring said action with Ben C. Crowder as relator, was overruled; and exception reserved. Appellant answered in four paragraphs, the first three being affirmative answers, and the fourth, a general denial. The first paragraph alleges facts showing appellant eligible to hold the office of auditor of Sullivan county, Indiana; that at the general election held in November, 1902, he was elected auditor of said county for the period of four years commenc-

ing January 1, 1905, and ending January 1, 1909, and qualified; that on July 5, 1904, James M. Lang, the then incumbent of said office, voluntarily surrendered said office to the appellant; that appellant from said date has discharged the duties of said office, and received the emoluments thereof, and now continues to hold said office, and refuses to surrender the possession of said office until January 1, 1909, the date of the expiration of the full four-year term for which he was elected and qualified; that he is now eligible to hold said office for said full term; that by force of the act of the General Assembly of the State of Indiana, approved March 11, 1901 (Acts 1901, p. 411, §9148 Burns 1908), the term for which he was elected did not begin until January 1, 1905, and that said act of the General Assembly is unrepealed, and in full force and effect. The second paragraph alleges that appellant was elected auditor in November, 1902, at the general election, and that by virtue of §9148, *supra,* and of the expiration of the regular four-year term of said office of James M. Lang, the then incumbent at the time of the passage of said act, the term of office for which appellant was elected was for the period of four years, beginning January 1, 1905, and ending January 1, 1909; that the relator, Ben C. Crowder, was elected to said office in November, 1906, and has never received a commission from the Governor of the State of Indiana for said office; that said election in 1906, at which relator pretends to have been elected to said office, was not the "last general election immediately preceding the expiration of the term of the then incumbent" of said office, and the voters of said Sullivan county were not authorized to elect an auditor of said county at said election. By reason of these facts the appellant says relator has no interest in said office. The third paragraph states that relator is now, and has been both before and ever since March 28, 1908, the duly appointed and acting deputy auditor of Sullivan county, Indiana, under the appellant, Elijah E.

Russell, as the auditor of said county. To the first, second and third paragraphs of answer relator filed a demurrer for want of sufficient facts. The court overruled the demurrer as to the second paragraph of answer, and sustained it as to the first and third, appellant excepting. Relator filed reply in general denial, and an affirmative paragraph setting forth the beginning and expiration of the various four-year terms of office of the auditors of Sullivan county, from the adoption of the present Constitution until the expiration of the four-year term of said James M. Lang on March 28, 1904; alleging appellant's election in November, 1902, for the term of four years from March 28, 1904, to March 28, 1908, and relator's election in 1906 to said office, his qualification, eligibility and demand for said office on March 28, 1908. The appellant's demurrer for want of facts was overruled to the second paragraph of reply, and exceptions reserved.

The court made a special finding of facts, and stated its conclusions of law thereon, finding the dates when the various auditors' terms began, from March, 1856, to and including the election of relator at the election in 1906, his qualification, demand for the office, refusal, and assessing damages at $1,256.25, and concluding as a matter of law that appellee was entitled to the office, and had been since March 28, 1908, and rendered judgment accordingly.

Appellant assigns error on the ruling on demurrer to the complaint, and to the first and third paragraphs of answer, and the second paragraph of reply.

But one question is presented, viz., the constitutionality of §9148 Burns 1908, Acts 1901, p. 411.

Appellee contends that such section is unconstitutional and void, for the reason that it extended the time for the appellant to take office, as successor of James M. Lang, whose term ended March 28, 1904, beyond a general election; that, being void, there is no statute stating the time when the term of office shall begin, and that

the .commencement of the term is controlled by the expiration of the terms of the preceding incumbents. It is settled, and conceded by the parties here, that the legislature may fix the commencement of the term of office, within the constitutional restrictions. *Weaver* v. *State, ex rel.* (1899), 152 Ind. 479; *Aikman* v. *State, ex rel.* (1899), 152 Ind. 567; *Scott* v. *State, ex rel.* (1898), 151 Ind. 556. The question is, is the constitutional restriction violated?

The statute in question provides that the term of office "shall begin on the first day of January next following the term of office of the present incumbent." It is conceded that the term of office of the then present incumbent expired March 28, 1904, and that he would then have served four years.

The term of office refers to the office itself, and not to the incumbent, and is "not enlarged or varied by changing the date when a person shall be elected to fill
2. such office." *State, ex rel.,* v. *Wells* (1896), 144 Ind. 231, 237.

"The term of the present incumbent," it was held in an action involving the act of March 8, 1897 (Acts 1897, p. 288, §9475 Burns 1908), applies only to the county
3. treasurers whose terms would expire before the next general election at which a successor might be chosen, and not to such as would hold beyond the next general election. *Weaver* v. *State, ex rel., supra.* When the act of 1901, *supra,* was enacted, the term of the then incumbent, James M. Lang, expired before the general election of 1904.

It is held that the fact that the term did so expire did not operate to extend the term of the incumbent, and that a vacancy occurred which might have been filled, if
4. he were ineligible to hold over, or, in the absence of a vacancy thus arising, a treasurer held over under article 15, §3, of the Constitution, and that the effect of

such a statute is simply to postpone the commencement of the term of office. *Weaver* v. *State, ex rel, supra; Scott* v. *State, ex rel., supra.*

These cases are clearly distinguishable from the pending case and that of *Gemmer* v. *State, ex rel.* (1904), 163 Ind. 150, 66 L. R. A. 82, in that in the latter case the statute under consideration (Acts 1903, p. 24, §7574b Burns 1905), by its express terms attempted "to prevent the election of successors to incumbents, although elections would occur, at which such successors might be elected;" and it was held that the act was invalid, for the reason that it attempted to extend the term of office of an ineligible person beyond the constitutional term of four years in any period of six years, and beyond the time when a general election would be held in 1904, at which the voters were entitled to elect a treasurer, to take the office of the treasurer whose term did not expire until January 1, 1906; and on the ground that the voters were entitled to elect at such time, so there would be no vacancy to be filled, either by appointment, or the officer's holding over under the Constitution, which latter provision was intended to prevent vacancies where there is no failure, among other things, to elect, and that the legislature cannot unnecessarily postpone an election, and thereby authorize the incumbent to hold over.

It is conceded that the legislature can neither abridge nor lengthen the term of a constitutional office. *Griebel* v. *State, ex rel.* (1887), 111 Ind. 369; *Douglass* v. *State, ex rel.* (1869), 31 Ind. 429; *Howard* v. *State, ex rel.* (1858), 10 Ind. 99.

One of two things must necessarily result: Either the legislature might postpone the commencement of a term to such a time as that the term would be abridged by the election of a successor, or the commencement of the term be postponed beyond every second election to

such time as that the expiration of the term unabridged would pass a general election, and thus such a condition arise as that successive legislatures could pass every second election, and a portion of the time the office be filled by the action of the legislature, or by appointment, and not by the voters; for example, if appellant's theory is right, that his term began January 1, 1905, and terminated January 1, 1909, when relator's term would have begun, and extended to January 1, 1913, what is to prevent the legislature in 1911 from postponing the commencement of the term of appellee's successor to January 1, 1914, expiring in 1918, thus passing the general election of 1914, and so on, each alternate term. It will thus be seen that it would put it in the power of the legislature to ignore every second election, and fill the office a good portion of the time, though an election would intervene every alternate four years, at which an auditor might be elected. It then resolves itself into the question whether the legislature is empowered under the Constitution, to fix the time of commencement of the term of office of a county auditor, when that result will be to postpone the expiration of the term beyond one or more general elections, and does it "postpone unnecessarily the election of a successor to the office, and thereby create a condition authorizing the incumbent to hold over after the expiration of his term?" Whether the voters are entitled to fill an office at any election depends upon the question whether the term of an officer will expire, so that but for such election a vacancy will occur by limitation, which is but another way of stating the proposition that they are entitled to elect at the election next preceding the expiration of a term. It is conceded by appellant that Lang's term expired March 28, 1904; it must follow that appellant's term began with the expiration of his term, or we would have the anomaly presented by the example put by us, by which the legislature could fill the office, or invoke the appointive power, instead of the elective, a goodly part of the time. It appears by ap-

pellant's first paragraph of answer that Lang volun-
8. tarily surrendered the office to appellant July 5, 1904,
and the court finds that he took upon himself the
duties of the office from that date. We think that in doing
so appellant was simply filling his term. The fact that he
did not obtain possession until July 5, 1904, could make no
difference in his term. Under our view of the case, he was
entitled to the office March 28, 1904. It was said in
*Griebel* v. *State, ex rel., supra:* ''Whenever a county audi-
tor has, in pursuance of an election to the office, served the
full term of four years, and his successor has been duly
elected and qualified, he is estopped from denying that his
term of office had expired.'' In his statement of the nature
of the action, appellant states that he ''formally demanded
the office of the auditor of Sullivan county, Indiana, from
the then incumbent, James M. Lang, on March 28, 1904, but
no action was brought by appellant to induct himself into
said office, and that afterwards on July 5, 1904, said James
M. Lang voluntarily surrendered said office to appellant,
and that appellant has since held said office,'' etc.

It might be a serious question, if the cause wholly turned
upon that proposition, whether appellant was not estopped
to claim beyond March 28, 1908. *Pursel* v. *State, ex rel.*
(1887), 111 Ind. 519, 522.

The distinction between the cases cited by appellant,
(*Scott* v. *State, ex rel., supra; Weaver* v. *State, ex rel.,
supra; Aikman* v. *State, ex rel., supra; State, ex rel.,*
7. v. *Harris* [1898], 152 Ind. 699) and the case here
presented is marked. In none of those cases did the
fact of the postponement of the commencement of the term
postpone the choosing of the officers named until a general
election beyond the one next preceding the expiration of the
term. The constitutional provisions are that ''all general
elections shall be held on the first Tuesday after the first
Monday in November.'' Const., Art. 2, §14. ''There shall be
elected, in each county, by the voters thereof, at the time of

holding general elections, a clerk of the circuit court, auditor,'' etc. Const., Art. 6, §2. The statutory provision is that ''a general election shall be held on the first Tuesday after the first Monday in November in the year 1882, and biennially thereafter on the same day, at which election all existing vacancies in office, and all offices, the term of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law.'' §6874 Burns 1908, §4678 R. S. 1881.

It may be claimed that this case falls within the latter clause of that act as a case ''otherwise provided by law,'' by the act involved in this cause, but it will be borne in mind that the Constitution has fixed the term of the office of auditor at four years, and both it and the statute manifestly contemplate that the office shall be supplied with an incumbent by general election, and also that the commencement of the term may not be so deferred as to deprive the voters of their absolute right under the Constitution of electing an auditor once in four years, so that the phrase, ''otherwise provided by law,'' must be taken to mean not an arbitrary provision, in violation of the Constitution and the general statute, but cases where provision may be made in consonance with those provisions, as this court has held may properly be done, in the cases cited, where the only question involved was as to the right to fix the commencement of a term.

But in *Gemmer* v. *State, ex rel., supra*, the reasoning of which is applicable here, it is said on page 160: ''This right [referring to the right of electors to fill the offices] cannot be taken away from them by the legislature, either directly, or indirectly, by an act postponing the choice of the officers named until a general election at which they might be elected has passed.''

The necessary result of holding January 1, 1905, as the commencement of appellant's term would be that, as his term cannot be abridged, an election must be postponed be-

yond four years in order to give appellant a full term, which would not expire until after the election of 1908, which would be the one preceding the expiration of his term, and to hold that the legislature may take away the right of the voters to hold an election every four years for auditor. The right to fix the commencement of the term and the right to deny an election are two very different things. The right to fix the commencement of the term must be so exercised as not to infringe upon the right of the voters every four years to furnish the person to fill the office; if it cannot be so exercised, it cannot be exercised at all.

While there is no natural or vested right of suffrage, and it is a political privilege, and, except as guarded by the Constitution, it may be limited or extended by stat-

10. ute, we think that it is here guarded by the Constitution, which provides the length of the term, and by the general statute which fixes the time for general elections. They must be considered together, and, being so considered, the term and the time for choosing the officer are both fixed, and so far are substantive rights of the voter, and they cannot by indirection be infringed upon. The result of the statute in question would be to postpone an election for auditor beyond the quadrennial period of 1906, irrespective of the question as to whether Lang could have held over under the Constitution, or otherwise. The voters did elect relator auditor at the general election in 1906, and that election was rightful, and the act in question invalid, as applied to this case.

The complaint stated a cause of action. There was no error in sustaining a demurrer to the first paragraph of answer, for the reason that the allegation that appellant was elected for a term commencing January 1, 1905, was a con-

11. clusion. The third paragraph of answer was not good, for the reason that no estoppel could grow out of facts with which each of the parties was equally cognizant; and the second paragraph of reply was good for

the reason that relator's right to the office did not depend upon his having a commission. *Shuck* v. *State, ex rel.* (1893), 136 Ind. 63.

The conclusions of the court were correct, and the judgment is affirmed.