STATE, EX REL. CUSTER ET AL. *v.* SCHORTEMEIER, SECRETARY OF STATE.

[No. 25,160. Filed April 13, 1926.]

1. JUDGES.—*Section 1374 Burns 1926, relative to the election of circuit judges, does not fix the time for holding elections to fill vacancies in office of circuit judge and is not applicable where a circuit judge has died and the vacancy has been filled by appointment.*—Section 1374 Burns 1926, §1431 Burns 1914, relative to the election of circuit judges, does not fix, or attempt to fix, the time for holding elections to fill vacancies in the office of circuit judge and is not applicable where a circuit judge has died and the vacancy has been filled by appointment. p. 510.

2. JUDGES.—*When a circuit judge is appointed to fill a vacancy in the office, his term expires on the qualification of a successor elected at the next general election.* —Section 18, Art. 5 of the state Constitution (§102 Burns 1926) is construed to mean that when a circuit judge is appointed to fill a vacancy in the office, a successor should be elected at the next general election and the appointee's term expires when the successor has qualified. p. 511.

From the Marion Circuit Court (39,741); *Harry O. Chamberlin,* Judge.

Action by mandate on the relation of Clarence E. Custer and another against Frederick E. Schortemeier as Secretary of State. From a judgment for the defendant, the relators appeal. *Reversed.*

*Rynerson & Long* and *C. E. Custer,* for appellants.

*Arthur L. Gilliom,* Attorney-General and *Connor D. Ross,* Deputy Attorney-General, for the State.

EWBANK, C. J.—This was an action against the secretary of state to obtain a writ of mandamus directing

the defendant to accept and file declarations of candidacy of the relators for the office of judge of the ninth judicial circuit, (Bartholomew county), and to certify those names to be placed on the official ballot to be used at the primary election next month. A demurrer was sustained to the complaint on which the trial court rendered judgment, and the relators perfected a term appeal. Sustaining the demurrer is assigned as error.

The complaint alleged, in substance, that the judge of said court died in office on November 16, 1925, and thereafter the Governor appointed Honorable Julian Sharpnack to fill the vacancy, and that he duly qualified and is now serving as judge under such appointment; that the judge who died was elected and qualified and entered upon the duties of his office in November, 1922; that each of the relators prepared and presented to the defendant, as secretary of state, a proper declaration of his candidacy for the nomination as candidate on the Democratic ticket for said office of judge, and that the defendant refused to accept or file such declarations of candidacy, but returned them to the relators, and is threatening to and unless commanded by the court to the contrary will refuse to include in the certified list of persons for whom declarations of candidacy have been filed in his office to be voted for at such primary, which he will transmit to the clerk of the Bartholomew Circuit Court, the names of these relators as candidates for said office of judge on the Democratic ticket; that each of said declarations of candidacy was tendered and offered for filing within the time fixed by law, and that each relator is a member of the Democratic party, which cast more than ten per cent. of the total votes at the last general election. The demurrer was for the alleged reason that the complaint does not state facts sufficient to constitute a cause of action.

The question of law presented for decision, and the

only one discussed in the briefs, is whether or not a person appointed by the Governor to succeed a judge of the circuit court who died before he had been in office three years is entitled to hold the office until the expiration of the time for which his predecessor was elected, or whether he is only entitled to hold until the next general election following his appointment. The provisions of the Constitution to be construed read as follows: "The state shall, from time to time, be divided into judicial circuits; and a judge for each circuit shall be elected by the voters thereof. He shall reside within the circuit, and shall hold his office for the term of six years, if he so long behave well." Art. 7, §9, Constitution, §176 Burns 1926. "When, during a recess of the general assembly, a vacancy shall happen in any office, the appointment to which is vested in the general assembly; or when, at any time, a vacancy shall have occurred in any other state office, or in the office of judge of any court; the Governor shall fill such vacancy by appointment, which shall expire when a successor shall have been elected and qualified." Art. 5, §18, Constitution, §143 Burns 1926. "All general elections shall be held on the first Tuesday after the first Monday in November; but township elections may be held at such time as may be provided by law: Provided, that the general assembly may provide by law for the election of all judges of courts of general and appellate jurisdiction by an election to be held for such officers only, at which time no other officers shall be voted for, and shall also provide for the registration of all persons entitled to vote." Art. 2, §14, Constitution, §102 Burns 1926. "We declare * * * that all power is inherent in the people. * * *" Art. 1, §1, Constitution, §53 Burns 1926.

Another section of the Constitution which may throw some light on the construction to be given those above

quoted reads as follows: "There shall be elect-
ed, in each county, by the voters thereof, at the
time of holding general elections, a  *  *  *
treasurer, sheriff, coroner and surveyor  *  *  *.
The treasurer, sheriff, coroner and surveyor shall con-
tinue in office two years; and no person shall be eli-
gible to the office of treasurer or sheriff more than four
years in any period of six years." Art. 6, §2, Constitu-
tion, §159 Burns 1926. And the sections of the statutes
by which the legislature has exercised the power (if
any) conferred upon it in the matter of fixing the time
for general elections at which circuit judges shall be
chosen, read as follows: "A judge of the circuit court
shall be elected by the qualified voters of each circuit
established by law at the general election next preceding
the expiration of the term of office of the present judge
of such circuit. He shall be the judge of the several
circuit courts within his circuit." §1374 Burns 1926,
§1, ch. 24, Acts 1881 (Spec. Sess.) p. 102. "A general
election shall be held on the first Tuesday after the first
Monday in November in the year 1882, and biennially
thereafter on the same day, at which election all exist-
ing vacancies in office, and all offices the term of which
will expire before the next general election thereafter,
shall be filled, unless otherwise provided by law." §7441
Burns 1926, §1, ch. 47, Acts 1881 (Spec. Sess.) p. 482.

There is no provision of the Constitution of Indiana
which assumes to require that judges of the circuit
court shall be elected in any particular year, or that
their terms of office shall begin or end at any speci-
fied time, which is in contrast with the provision that,
"The official term of the governor and lieutenant-gover-
nor shall commence on the second Monday of January
in the year one thousand eight hundred and fifty-three;
and on the same day every four years thereafter." Art.
5, §9, Constitution, §142 Burns 1926. Neither does the

statutory provision that a judge shall be elected "at the general election next preceding the expiration of the term of office of the present judge of such circuit" fix or attempt to fix the time for holding elections to fill vacancies in the office of circuit judge. That language applies only when a judge continues to live and hold his office until the general election next before the time expires for which he was elected, and relates to the general election next before the term of office of one elected as judge will expire in the usual course. It has no application to the case where a judge elected for six years has ceased to hold his office by reason of his death, resignation or removal, and the vacancy has been filled by the Governor "by appointment to expire when a successor shall have been elected and qualified."

It will be observed that the sections of the Constitution above quoted declare all power to be inherent in the people, and provide that a judge for each circuit shall be elected, and that he "shall hold his office for the term of six years, if he so long behave well." But that the Constitution does not purport to fix the time when the terms of judges shall begin, or when they shall end, or how long any term shall be, as distinguished from the time (six years) during which a duly elected judge shall hold his office "if he so long behave well"; and no statute undertakes to do any of these things if, indeed, they could be done by statute.

Also that the provision that the Governor shall fill a vacancy in the office of judge of any court by appointment, "which shall expire when a successor shall 2. have been elected and qualified," is found in the same section and as a part of the same sentence which provides that "when, during a recess of the general assembly, a vacancy shall happen in any office, the appointment to which is vested in the general assembly * * * the Governor shall fill such vacancy by ap-

pointment, which shall expire when a successor shall have been elected and qualified." Obviously, since the Governor may only appoint to an office filled by the general assembly if the vacancy occurs when the general assembly is in recess and therefore cannot act, the provision that such an appointment will expire when a successor shall have been elected and qualified means that the appointee only holds until the general assembly shall meet and act to fill the vacancy. And joining the provision for appointment of a judge with that for appointment to a vacancy occurring in an office to which the general assembly is given authority to appoint, which expressly limits the power of the Governor in the latter case to making an appointment if the vacancy shall happen during a recess of the general assembly, indicates a purpose of the framers of the Constitution that the appointment shall be only until such time as the office can be filled in the regular way; in the one instance by choice of the general assembly, and in the other by election by the people. The provision that certain state and county officers shall continue in office two years indicates a purpose of the framers of the Constitution that a general election should be held at least every two years, and the legislature has enacted statutes which so provide. And in the absence of any provision creating a term of fixed and definite limit otherwise than by fixing the period of six years during which the judge, when elected, "shall continue in office if he so long behave well," we conclude that an appointment by the Governor to fill a vacancy will expire "when a successor shall have been elected" at the next general election provided for by law, and shall have qualified.

When we examine into the history of these provisions of the Constitution, we find that the Constitution of 1816, previously in force, had provided that, "When any vacancies happen in any of the courts, occasioned

State, ex rel., *v.* Schortemeier, Secy.—197 Ind. 507.

by the death, resignation or removal from office of any judge of the supreme or circuit courts, or any of the clerks of the said courts, a successor shall be appointed in the same manner as hereinbefore prescribed, who shall hold his office for the period which his predecessor had to serve, and no longer, unless reappointed." Art. 5, §10, Indiana Constitution 1816, R. S. 1843 p. 54. Also that of the judges thus referred to, the president judges of the circuit courts were, "appointed by joint ballot of both branches of the general assembly, and the associate judges of the circuit courts  *  *  * elected by the qualified electors in their respective counties." Art. 5, §7, Indiana Constitution 1816, R. S. 1843 p. 54. And that the Constitution of 1816 also provides that, "Vacancies that may happen in offices, the appointment of which is vested in the  *  *  * general assembly, shall be filled by the Governor, during the recess of the general assembly, by granting commissions that shall expire at the end of the next session." Art. 4, §9, Indiana Constitution 1816, R. S. 1843 p. 50.

In other words, the Constitution in force when the present Constitution was adopted contained an express provision that the appointee to fill a vacancy should "hold his office for the period which his predecessor had to serve, and no longer," for which the convention that framed the Constitution of 1851 substituted the language now used, that his appointment "shall expire when a successor shall have been elected and qualified." And it is a fair inference that, by such change in the language used, a change of meaning was intended. In support of this inference, we note that the provision as to filling vacancies in the Supreme Court is the same as in the circuit court and that Honorable Alvin P. Hovey, afterward Governor of Indiana, was a member

of the constitutional convention of 1851 which framed our present Constitution, and took an active and prominent part in its deliberations; and that when Judge Roache, one of the judges of the first Supreme Court of Indiana under our present Constitution, resigned in May, 1854, after serving only one year and four months, Judge Hovey was appointed by the Governor to succeed him, and acting in obedience to what he seems to have understood was the meaning of the constitutional provision for filling a vacancy caused by the death, resignation or removal of a judge, he became a candidate for the office he was holding, at the next general election, five months afterward, although Judge Roache's term would not have ended until four years later, and, being defeated, gave up his place to Judge Samuel B. Gookins.

And in January, 1858, before the expiration of the six years for which the first judges of the Supreme Court under the Constitution of 1851 had been elected, and while two of them were still in office (two having resigned), one of them, Judge Perkins, wrote an opinion holding that Honorable Horace P. Biddle had not been legally elected as the successor of Judge Stuart at the election in October, 1857, because the resignation of Judge Stuart, submitted in August of that year, recited that it was to take effect the following January, and therefore no vacancy existed in October. In that opinion, after quoting the provisions of the Constitution, and the section of the statute providing for a general election in October, Judge Perkins, by way of argument, said: "The provisions of the Constitution and statutes we have quoted, it will be seen, * * * specify the cases in which judges shall be elected at the general *October* election. The following are beyond doubt such cases: (1) Where there is an existing vacancy; (2) where an appointee is occupying the of-

fice; and (3) where the term for which an incumbent was elected will expire before another election." *Biddle* v. *Willard* (1857), 10 Ind. 62, 65. See, also, *State, ex rel.,* v. *Johns* (1869), 3 Ore. 533.

The interpretation thus declared, while only a dictum, and carrying no weight as an authority, has been uniformly accepted in Indiana since that time, and because of the circumstances under which the language was used and the court that used it, we deem it advisory and helpful in determining what the framers of the Constitution meant by the language under consideration. We may add that we have not been cited to any decisions by courts in any jurisdictions which have given a different construction to like provisions of any state constitution. The decision in *State, ex rel.,* v. *Howell* (1910), 59 Wash. 492, 110 Pac. 386, 50 L. R. A. (N. S.) 336, turned on the fact that the state constitution of Washington provided that, "the first election of all state officers not otherwise provided for in this constitution  *  *  *  shall be on the Tuesday next after the first Monday in November, 1892, and the elections for such state officers shall be held in every fourth year thereafter on the Tuesday succeeding the first Monday in November." The court said that: "No provision being made for the election of a secretary of state except in the years fixed by the constitution, the next regular election for that office would occur in 1912, until which time, and until the one then elected shall duly qualify, the present encumbent is entitled to hold the office."

In *State, ex rel.,* v. *Roach* (1916), 269 Mo. 500, 505, 192 S. W. 745, the court was construing a state constitution which provided, among other things, that: "The term of office of the governor, lieutenant-governor *.  *  *  and superintendent of public schools shall be four years from the second Monday in January after

their election, and until their successors are elected and qualified   *   *   *   and the superintendent of public schools shall be elected *at the general election in the year one thousand eight hundred and seventy eight, and every four years thereafter."*   And the court, saying that: "The Constitution thus not only names the date for the first election for such office but for all other elections for such office" (of superintendent of public schools), held that there could not lawfully be an election in November, 1916, to fill that office, although the person holding it had died in September, seven weeks before the election.

But while the Constitution of Indiana also fixes the time when the Governor, lieutenant-governor and some other officers shall be elected, it does not provide that elections for judges of the circuit courts shall be held at a certain time and every six years thereafter, and does not negative in any way the right of the people to elect a judge at the next general election after a vacancy shall have been filled by appointment.

Since the Constitution of Indiana provides, in effect, that at the next general election after the death, resignation or removal of a judge of the circuit court, a successor shall be elected by the people of the circuit, and that the Governor shall fill the vacancy by appointment "which shall expire when a successor shall have been elected and qualified," the complaint in this case stated facts sufficient to constitute a cause of action, and it was error to sustain a demurrer thereto.

The judgment is reversed, with directions to overrule the demurrer to the complaint.

And the clerk of the Supreme Court is ordered and directed to certify this opinion to the Marion Circuit Court immediately.