HARRISON ET AL. *v.* ALEXANDER, SECRETARY OF STATE ET AL.

[No. 28,216. Filed October 9, 1946.]

C. *Ballard Harrison*, of Hammond, and *Chester C. McGuire*, of Gary, for appellants.

*James A. Emmert*, Attorney General, *Frank E. Coughlin*, First Assistant Attorney General, and *Winslow Van Horne*, Deputy Attorney General, for appellee *Alexander*, and *Charles W. Gannon*, *Pro se*.

GILKISON, J.—By their pleadings and an agreed statement of facts the parties presented to the trial court, and in this appeal, present to this court a single question. Is that part of § 1, ch. 347, Acts of 1945, pages 1647 and 1648 [§ 9-3101, Burns' 1933 (Supp.)] in so far as it provides that the appointed judge of the newly created Lake Juvenile Court shall hold his office until the first day of January, 1949, and providing that his successor shall be elected in the general election held in November, 1948, constitutional? By its finding and judgment the trial court answered this question in the affirmative.

That part of the statute in question is as follows:

"Section 1. That in every county of this state having a population of two hundred fifty thousand (250,000) inhabitants or more according to the last preceding United States census, there shall be created a special court to be known as the juvenile court.

"The judge of said court shall be known as the judge of the juvenile court and shall be elected by the qualified voters of said county at the time of the general election of state officers, to be held in the year 1948, shall hold his office for a term of four (4) years, or until his successor is elected and qualified and shall be removed from office in the same manner as the judge of the circuit court is removed: *Provided,* that in any county in this state in which a juvenile court is created and established by this Act and which county does not now have a judge of said court, a vacancy is hereby declared to exist in the office of judge of said court and the governor shall appoint such judge and the judge so appointed shall hold office under said appointment until the first day of January, 1949, and until his successor is elected and qualified: *Provided, further,* that a successor for said judge so appointed shall be elected in the general election to be held in November, 1948."

Article 7, § 1 of the Indiana Constitution provides:

"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish."

It is under this power that the Lake Juvenile Court was established by the 1945 General Assembly. It will be noted that agreeable with this section of the Constitution we have constitutional courts and statutory courts. The constitutional courts are the Supreme Court, the Circuit Courts, and under Article 7, § 14, Justices of the Peace. All other courts are creatures of the General Assembly and are statutory courts. The Lake Juvenile Court is of the latter class and as such it is subject to the law creating it and the laws generally

governing that class, if such laws are constitutional. No question is presented in this appeal as to the legality of the appointment of appellee, Gannon, as the first judge of that court. The only contention is that his successor should be elected at the general election in November, 1946. This contention is based largely on Article 5, § 18 of the Constitution of Indiana, the material part of which touching the contention, is as follows:

> ". . . or when, at any time, a vacancy shall have occurred in any other State office, or in the office of Judge of any court; the Governor shall fill such vacancy, by appointment, which shall expire, when a successor shall have been elected and qualified."

A vacancy existed in the office at the time appellee, Gannon, was appointed, and the question presented is whether the duration of the appointee's term is governed by the constitutional provision contained in Article 5, § 18, *supra*, or by the statute creating the office and vacancy which provides:

> ". . . and the judge so appointed shall hold office under said appointment until the first day of January, 1949, and until his successor is elected and qualified: *Provided further*, that a successor for said judge so appointed shall be elected in the general election to be held in November, 1948 . . . ." § 9-3101, Burns' 1942 Replacement.

In support of their contention that the constitutional provision governs and not the statute, appellants rely upon *State, ex rel. Custer* v. *Schortemeier, Secy.* (1926), 197 Ind. 507, 151 N. E. 407, which related to filling a vacancy in the office of a circuit court judge; *Biddle* v. *Willard* (1857), 10 Ind. 62, which related to filling a vacancy in the office of a judge of the Supreme Court, both of which are constitutional offices; *The State ex*

*rel. Howard* v. *Johnston* (1885), 101 Ind. 223, which related to the right of a regularly elected prosecuting attorney to serve out his term, despite a change in the circuit and a legislative declaration of vacancy.

We think there can be no question that when a vacancy exists in the office of any court created by the constitution, such vacancy shall be filled by appointment by the governor, and the appointee shall serve until "a successor shall have been elected and qualified" as indicated by the latter part of Article 5, § 18 *supra,* and not for the unexpired term. *State, ex rel. Custer* v. *Schortemeier, Secy., supra; Biddle* v. *Willard, supra; The State ex rel. Hench* v. *Chapin* (1886), 110 Ind. 272, 277, 11 N. E. 317.

We may now determine whether filling a vacancy occurring in the office of judge of a court created by the General Assembly is governed by Article 5, § 18, *supra* of the Constitution, or by a statute duly enacted by the General Assembly.

A statute in force since May 6, 1853, provides:

"Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

§ 49-409, Burns' 1933.

It has been held that this statute does not apply to vacancies in any office the term of which is fixed by our State Constitution. *The Governor* v. *Nelson* (1855), 6 Ind. 496; *Enmeier* v. *Blaise* (1931), 203 Ind. 475, 483, 181 N. E. 1; *Gemmer* v. *State ex rel. Stephens* (1904), 163 Ind. 150, 163, 71 N. E. 478, 66 L. R. A. 82; *Russell* v. *State ex rel. Crowder* (1909), 171 Ind. 623, 87 N. E. 13; *The State ex rel. Hench* v. *Chapin, supra.* In the last cited case at page 277 of 110 Ind. and at page 320 of 11 N. E. it is said:

" . . . it has been uniformly held by this court, and correctly so, we think, that the section of the statute last above quoted (§ 49-409, Burns' 1933, supra) in so far as offices created or established by the General Assembly are concerned, is not in conflict with any provision of our State Constitution, but is a valid exercise of legislative power and discretion."

See also *Carson* v. *State ex rel. Bath* (1896), 145 Ind. 348, 44 N. E. 360; *Spencer* v. *Knight* (1912), 177 Ind. 564, 571, 98 N. E. 342. In the latter case at page 571 of 177 Ind. and at page 344 of 98 N. E. it is said:

"It is but to reiterate what has been said many times by this court, that the General Assembly is without limitations in its power to enact laws, except only such as are placed on it by express provisions of the Constitution, or by necessary implications from them. . . . It is not denied, and could not be, that express prohibition of power to postpone the time of holding an election to fill an office of legislative creation is not found in the Constitution."

The court then quoted at length from *State ex rel. Harrison* v. *Menaugh* (1898), 151 Ind. 260, 51 N. E. 117, 357, 43 L. R. A. 408, 418, in which the several provisions of the Constitution respecting the terms of offices created by the General Assembly are affected, were carefully considered and the conclusion was reached at page 269 of 151 Ind., at page 120 of 51 N. E. that:

"Tested by any or all of these provisions, and it is evident, we think, that no express or implied antagonism can be held to exist between any of them and the statute in dispute."

The statute considered in *Spencer* v. *Knight, supra,* was an Act of 1911, ch. 83, p. 139, to fix the terms of probate, juvenile and superior court judges in Indi-

ana, and to change and fix the time of their election. It contained a provision that no election should be held for the election of any of these officers at the general election in November, 1912, and had the practical effect of continuing the terms of the judge of a superior court, the probate court and the juvenile court of Marion County each for a period of two years, past the election of 1912 when otherwise they would regularly have been elected, and until the election of 1914.

Quoting again from *State ex rel. Harrison* v. *Menaugh, supra,* at page 269, the court further said:

"We are of the opinion that the constitution will be searched in vain to discover any restriction against the enactment of a statute of the character or purport of the one here involved. . . . Within this limit (the limit of four years as expressed in Article 15, § 2 of the State Constitution) the legislature, in its discretion, may enlarge, abridge or otherwise change the term of the office, or abolish it entirely, and repeal all laws pertaining thereto."

See also *The State ex rel. Yancey* v. *Hyde* (1891), 129 Ind. 296, 302, 28 N. E. 186, 13 L. R. A. 79; *State ex rel. Gleason* v. *Gerdink* (1909), 173 Ind. 245, 249, 90 N. E. 70; *Mosley* v. *Board of Commissioners of Marion County* (1929), 200 Ind. 515, 165 N. E. 241; *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. (2d) 168; *Higginbotham* v. *City of Baton Rouge, Louisiana* (1938), 306 U. S. 535, 539, 83 L. Ed. 968, 971, 59 S. Ct. 705.

It is clear that the office in question is a creature of the General Assembly, and not of the State Constitution. It is governed as to tenure, by the act creating it, and such other laws affecting Juvenile Courts as the General Assembly may from time to time make. Since its creation is authorized by the Constitution the

only limitation on its tenure by the Constitution is that contained in Art. 15, § 2 thereof. Since the statute in question authorizes the appointment for a period of less than four years, that is, from March 9, 1945, to January 1, 1949, it is not in conflict with the Constitution.

The judgment of the court below is affirmed.

Starr, C. J., not participating.

Note.—Reported in 68 N. E. (2d) 784.