JOHN A. STANEK, AS DULY APPOINTED AND CERTIFIED NOMINEE FOR CANDIDATE FOR THE OFFICE OF JUDGE OF THE MARION COUNTY JUVENILE COURT, MARION COUNTY, INDIANA, AND AS A REGISTERED AND QUALIFIED VOTER IN MARION COUNTY, INDIANA v. MARION COUNTY ELECTION BOARD, E. ALLEN HUNTER, JOHN O. MOSS, RICHARD L. MILAN, AND EACH OF THEM.

[No. 974S176. Filed October 2, 1974.]

Patrick L. McCarty, Virginia Dill McCarty, Victor S. Pfau, Auberry & Treacy, of Indianapolis, for appellant.

*Charles G. Castor, Jr., Bulen & Castor,* of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from the trial court's denial of a permanent injunction against the Marion County Election Board to force the placing of the office of Judge of the Marion County Juvenile Court on the general election ballot in November, 1974. Pursuant to AP. 4(A)(10), immediate transfer has been granted to this Court.

The parties concede that there are no disputed facts arising on this record. The sole question presented is whether the vacancy occurring due to the recent death of Judge Fields of the Marion County Juvenile Court should be filled in the next general election. The late juvenile court judge was elected in November, 1972, for a term of four (4) years. Absent his unfortunate death, his successor would have been named in the November, 1976, general election.

The Marion County Juvenile Court was created pursuant to IC 1971, § 33-12-2-1 (Burns Ind. Ann. Stat., 1956 Repl., § 9-3101):

> *"Creation—Judges—Election—Appointments to fill vacancies—Qualifications.*—In every county of this state having a population of two hundred fifty thousand [250,000] inhabitants or more according to the last preceding United States census, there shall be created a special court to be known as the Juvenile Court.
>
> "The judge of said court shall be known as the Judge of the Juvenile Court and shall be elected by the qualified voters of said county at the time of the general election of state officers, to be held in the year 1948, shall hold his office for a term of four [4] years, or until his successor is elected and qualified and shall be removed from office in the same manner as the judge of the circuit court is removed: Provided, that in any county in this state in which a juvenile court is created and established by this act [§§ 9-3101-9-3124] and which county does not now have a judge of said court, a vacancy is hereby declared to exist in the office of judge of said court and the governor shall appoint such judge and the. judge so appointed shall hold office under said appointment until the first day of January, 1949, and until his successor is elected and qualified: Provided, further,

that a successor for said judge so appointed shall be elected in the general election to be held in November, 1948: and, Provided, further that nothing in this act shall be construed to affect the term, election and/or tenure of office of any judge of any juvenile court elected under the provisions of chapter 233 of the Acts of Indiana General Assembly, 1941 [§§ 9-2829—9-2861], and now serving as such and such judge so elected shall be the judge of the juvenile court created by this act in said county during the unexpired portion of the term for which he was elected and shall have and possess all the powers and duties hereby conferred on the juvenile court and the judge thereof, by this act.

"At the time of his election, he must have been a citizen of the United States and a practicing attorney or judge for a period of at least five [5] years. [Acts 1945, ch. 347, § 1, p. 1647.]"

The statute does not address the problem now before us. It is silent as to the means to be employed to fill the vacancy created when a judge dies in office. The Act does provide that the term of the juvenile court shall be four [4] years "or until a successor is elected and qualified . . ."

As created, the juvenile court is a legislative, *not* a constitutional, court. Thus, the filling of vacancies in the office of juvenile judge is governed by statute rather than constitutional provision. *Harrison* v. *Alexander* (1946), 224 Ind. 450, 68 N.E.2d 784. In a constitutionally created court, such as the circuit court, the express provisions of our constitution apply with respect to filling vacancies in the office of judge. *State ex rel. Custer* v. *Schortemeier* (1926), 197 Ind. 507, 151 N.E. 407.

However, through inadvertence or otherwise, the legislature has not provided a vehicle for filling a vacancy occurring in the office of juvenile judge in the instant situation. An examination of Indiana's case law likewise leads to no clear resolution of the problem.

The appellee urges that the case of *Carson* v. *State ex rel. Bath* (1896), 145 Ind. 348, 44 N.E. 360, is controlling. But *Carson* is easily distinguishable from the case at bar since *Carson* was concerned only with the *length* of a successor's

term in filling a vacancy occurring in the office of City Treasurer. Because statutory authority was vested in the common council to appoint a successor, the only issue before the Court was a determination of the length of the successor's term. In the instant case, no such statutory authority exists governing the appointment of juvenile judge.

In *State ex rel. Hench* v. *Chapin* (1886), 110 Ind. 272, 11 N.E. 317, this Court was presented with the question of whether the successor to the office of superior court judge would serve only the unexpired term of his predecessor. We answered in the affirmative, but the issue as to the means to be employed to fill the vacancy was never before us. Now we are faced squarely with that precise question.

In order to preserve continuity in the office of Marion County Juvenile Judge, this Court, pursuant to its supervisory jurisdiction, appointed a judge *pro tempore* on May 28, 1974. Such temporary appointment was deemed necessary to insure the smooth administration of juvenile justice pending "gubernatorial appointment."

It cannot be denied that the Governor has constitutional authority to fill vacancies in statutory judgeships. *State, ex rel. Gleason* v. *Gerdink* (1909), 173 Ind. 245, 90 N.E. 70. Article 5, § 18, of our Constitution provides:

> *"Vacancies filled by governor.*—When, during a recess of the General Assembly, a vacancy shall happen in any office, the appointment to which is vested in the General Assembly; or when, at any time, a vacancy shall have occurred in any other State office, or in the office of Judge of any court; the Governor shall fill such vacancy, by appointment, which shall expire, when a successor shall have been elected and qualified."

The appellant recognizes the validity of the Governor's appointing authority, but contends that "the term of that appointment would end when a successor is elected and qualified . . . [and] such election should take place at the time of the upcoming general election, November, of 1974." How-

ever, neither constitutional nor statutory provisions compel the Governor to act within the hypothetical time frame suggested. The executive appointing authority is not so limited by our election laws. For this Court to rule with appellant would be tantamount to attempting to compel executive action where the Governor is not a named party.

Again, the instant question to be resolved is whether the Marion County Election Board can be forced to place the office of juvenile judge on the November ballot in the absence of specific legislative authority. We hold that it can *not* be so enjoined. As the juvenile judge's term of office is four [4] years, the term of the deceased judge's office will not expire until January, 1977. Absent a definitive legislative guideline within the Juvenile Court Act, coupled with the express provision defining the *length* of the juvenile judge's term of office, an elected successor to Judge Fields will be chosen by the people in November, 1976, and not before.

In summary, our holding is based upon:

1. An assumed legislative intent gleaned from a statutory provision establishing the length of a juvenile judge's term;

2. Legislative silence as to a specific time frame to fill the vacancy created by the death of an incumbent juvenile judge; and

3. Constitutional provisions we deem to apply where the legislature has not spoken.

The judgment of the trial court is hereby affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DeBruler, J.—Article 5, § 18, of the Indiana Constitution provides:

"Vacancies filled by governor.—When, during a recess of the General Assembly, a vacancy shall happen in any office, the appointment to which is vested in the General As-

sembly; or when, at any time, a vacancy shall have occurred in any other State office, or in the office of Judge of any court; the Governor shall fill such vacancy, by appointment, *which shall expire, when a successor shall have been elected and qualified."* (Emphasis added.)

The statute creating the Marion Juvenile Court, IC 1971, 33-12-2-1, being Burns § 9-3101, provides in relevant part:

"The judge of said court shall be known as the Judge of the Juvenile Court and shall be elected by the qualified voters of said county at the time of the general election of state officers, to be held in the year 1948, shall hold his office for a term of four years, *or until his successor is elected and qualified. . . ."* (Emphasis added.)

I cannot agree with the majority that this statute does not speak to the issue presented, namely whether or not a successor judge should be elected for this office in the forthcoming election. In my opinion in adopting the language "or until his successor is elected and qualified" the Legislature expressed its intention that a successor judge be elected at the general election following the occurrence of the vacancy in the office. The language in the Constitution emphasized above is almost identical in phraseology to that of the statute. It was construed in its historical context in *State ex rel. Custer v. Schortemeier* (1925), 197 Ind. 507, 151 N.E. 407, to serve at least two purposes. It limited the term of the governor's appointee, and it mandated that a successor judge be elected *at the next general election.* The first purpose is readily apparent and logical. The second meaning is historically grounded and exists at a less visible level, but nevertheless is persuasively demonstrated to exist in the opinion of this Court in *State ex rel. Custer v. Schortemeier, supra.* Nothing in that phrase in the Constitution can be logically related to the time at which the election of the successor judge should be elected. Yet this Court in that case found that this language dictates that the successor judge be elected *at the next succeeding general election.*

After this construction was placed upon the constitutional

provision, this statute before us for interpretation was drafted and enacted, and language of almost identical phraseology was used. In this enactment, the Legislature assigned the phrase the function of limiting the elected term of the judge and as a practical consequence of that function, the term of any governor's apppointee for the office is likewise limited. And it must have intended that this phrase continue to serve to require the election of the successor judge at the next succeeding general election. The phraseology in the two provisions is unmistakable in its similarity. They deal with the same general subject matter and have the same purpose. Since this statute and this provision of the Constitution stand in *pari materia* I would conclude that the Legislature intended that the phrase continue to carry its historical meaning.

NOTE.—Reported at 316 N.E.2d 830.